■ JOY SPERLING, Appellant, v. SEYMOUR J. SPERLING, Respondent.— In a proceeding pursuant to the Family Court Act (§ 466, subd. [c], par. [ii]) to modify a divorce decree of a Mexican court so as to increase the amount awarded therein for support and maintenance of the wife (the petitioner) and for the support, maintenance and education of the children of the parties from $13,000 a year to $25,000 a year, petitioner appeals from an order of the Family Court, Nassau County, entered July 15, 1966, which granted the motion of respondent (the former husband) to dismiss the petition on the ground that the dispute herein was required to be settled by arbitration, as provided in the parties' separation agreement. Order reversed, on the law, without costs, and motion to dismiss the petition denied, with leave to respondent to move to compel arbitration. No questions of fact have been considered. In 1958, the parties, residents of New York, entered into the separation agreement and caused it to be incorporated into a Mexican divorce decree; the agreement survived the decree. The preamble in the agreement recited that the "parties desire by this agreement to confirm their separation and to settle their property rights, the terms for the maintenance and support of the Wife, the terms for the custody, support, maintenance and education of the children, and all other rights *and obligations growing out of the marriage*" (emphasis added). Paragraph Seventh provided that "In full payment, satisfaction and discharge of all obligations of the Husband for the support and maintenance of the Wife and for the support, maintenance and education of the children, it is agreed that during the joint lives of the Wife and the Husband, or until the Wife's remarriage in the event they are divorced, the Husband shall pay to the Wife". Paragraph Twentieth provided that "Any controversy or claim arising out of *or relating to this contract* shall be settled by arbitration in accordance with

the rules of the American Arbitration Association and judgment on the award rendered by the arbitrators may be entered in any court having jurisdiction thereof" (emphasis added). "It is now settled law in this State that provisions in separation agreements providing for the arbitration of disputes regarding the amount the husband is to pay for the support of the wife and children will be enforced" (*Sheets* v. *Sheets*, 22 A D 2d 176, 177; *Schneider* v. *Schneider*, 17 N Y 2d 123; *Matter of Lasek*, 13 A D 2d 242). Before arbitration may be enforced, the court must decide whether the dispute is within the agreement to arbitrate (Supplementary Practice Commentary by Joseph M. McLaughlin, McKinney's Cons. Laws of N. Y., Book 7B, 1965 Supp., pp. 59–60, under CPLR 7503; *Matter of Lasek, supra; Matter of Carey* v. *Westinghouse Elec. Corp.*, 11 N Y 2d 452, 456). Even prior to the enactment of the Family Court Act, effective in 1962, it had been held that the parties to a separation agreement could not by stipulation deprive an appropriate tribunal of the power to modify the support provision in a matrimonial decree, although sharp distinctions were drawn between cases involving support for a wife only and cases involving support for children (cf. *Schmelzel* v. *Schmelzel*, 287 N. Y. 21; *Kraunz* v. *Kraunz*, 293 N. Y. 152, 156; *Kyff* v. *Kyff*, 286 N. Y. 71, 74; *Meyer* v. *Meyer*, 5 A D 2d 655; *Kunker* v. *Kunker*, 230 App. Div. 641, 645). In our opinion, the arbitration clause herein is sufficiently broad to encompass a dispute arising from petitioner's demand for an increase in the amount paid for support and maintenance for herself and the children based on an alleged subsequent change of circumstances (cf. Supplementary Practice Commentary by Joseph M. McLaughlin, McKinney's Cons. Laws of N. Y., Book 7B, 1965 Supp., pp. 59–60 under CPLR 7503). Nevertheless, the Special Term committed error in granting the motion to dismiss the petition. Respondent's remedy was to move for an order compelling arbitration (CPLR 7503; *Langemyr* v. *Campbell*, 23 A D 2d 371; Supplementary Practice Commentary by Joseph M. McLaughlin, McKinney's Cons. Laws of N. Y., Book 7B, 1965 Supp., pp. 57–58). Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.