[Civ. No. 42892. Second Dist., Div. Five. Sept. 12, 1974.]

In re the Marriage of BERTHA B. and WILLIAM B. MILLET.
WILLIAM B. MILLET, Appellant, v.
BERTHA B. MILLET, Respondent.

COUNSEL

Raymond N. Baker for Appellant.

Ogle & Gallo, Ogle, Gallo & Merzon and James B. Merzon for Respondent.

**OPINION**

**KAUS, P. J.**—This proceeding, the fallout from a dissolution action, is an appeal by husband William B. Millet from a trial court order of May 1973 that he pay wife Bertha B. Millet $338 in attorney's fees, claimed for services in collecting some $1,100 in unpaid spousal support owed by William.

The March 1971 interlocutory decree had required William to pay Bertha $130 a month or 40 percent of his gross income. The total amount owed for 1971 was $2,625. In March 1972, William still owed $1,065 of this amount. Bertha's attorney wrote several dunning letters to William's attorney. William did not pay. In October 1972, Bertha applied for, and the court granted, an order for the issuance of a writ of execution against William's property.

Correspondence between Bertha's attorney and William's attorney followed. Bertha's attorney requested the constable to levy on and sell William's property. The levy of execution was lifted in January 1973 when William apparently agreed to pay the amount owed. He paid only the principal amount, $1,065, which left, with fees and interest, $90 owing for the year 1971.

In March 1973, Bertha made a motion for attorney's fees and for $50 in costs. In April, the court granted Bertha's motion. William contends the award of attorney's fees is excessive.

## DISCUSSION

■ The reasonableness of an order for attorney's fees is a matter which lies within the sound discretion of the trial court and absent a clear showing of abuse, the trial court's determination will not be disturbed. (*Smith* v. *Smith,* 1 Cal.App.3d 952, 958 [82 Cal.Rptr. 282].)

■ This is William's argument: "The court based its award on the prevalent fee in the San Luis Obispo area for the collection of an uncontested debt, to wit, 30% of the amount recovered through the collection process, or $338.46. This amount is excessive for the simple reason that [husband] paid the support money owing before [wife's] attorneys levied execution."

The contention is meritless. When William finally paid up in about March 1973 all that remained was for the constable to sell the property which had been levied upon. The attorney's efforts had been expended in obtaining that "voluntary" payment.

■ Contrary to William's next assertion, before awarding attorney's fees to the wife, the court is not required to find specifically that she cannot afford to pay her own fees and that the husband can afford to pay them. "A reasonable interpretation of the court's finding that her attorney 'is entitled' to the sum awarded is that the court found the necessity therefor." (*De Lima* v. *De Lima,* 207 Cal.App.2d 74, 83 [24 Cal.Rptr. 179].) More-

over, it can be reasonably inferred from the fact that William had paid only $1,560 of the $2,625 due, that Bertha could not afford attorney's fees. In deciding to award attorney's fees, the trial court was entitled to consider the entire litigation. (E.g., *Smith* v. *Smith, supra,* 1 Cal.App.3d 952, 958.) As appellant, William was obligated to show error affirmatively by an adequate record. (See *Utz* v. *Aureguy,* 109 Cal.App.2d 803, 806-807 [241 P.2d 639]; *Erikson* v. *Sullivan,* 81 Cal.App.2d 790, 791 [185 P.2d 31].) He did not even try.

In concluding, we note that this appeal was apparently taken solely for purposes of delay. The 17-page clerk's transcript was filed with this court on September 14, 1973. On October 26 William's attorney was notified that his brief was late and the appeal subject to dismissal. (Cal. Rules of Court, rule 17(a).) On November 26 William's attorney requested an extension of time to file his opening brief. On December 21 he requested a second extension of time. This was followed by a third request on January 26. The two-page brief, filed on February 4, 1974, contained no statement of the case, no statement of facts and no references to the "record."[1]

Appellant William's brief thus violated California Rules of Court, rules 13, 15, and 16(a). Preferring not to return or strike it under rule 18 and causing further delay—which may have been William's intention—we have considered it on the merits. Incidentally, the only even colorable point— Bertha's ability to pay attorney's fees—was not raised until William's closing or reply brief, again contrary to rules. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 442, p. 4405.)

This appeal was frivolous and, as noted, taken solely for delay. Bertha is awarded additional damages in the amount of $250 as costs on appeal. (Code Civ. Proc., § 907; see also Cal. Rules of Court, rule 26(a).)

The order of the trial court is affirmed. William's attorney, Raymond N. Baker, is ordered to pay respondent Bertha B. Millet, in addition to costs on appeal, damages in the amount of $250.

Stephens, J., and Ashby, J., concurred.

A petition for a rehearing was denied October 1, 1974, and appellant's petition for a hearing by the Supreme Court was denied November 8, 1974.

---

[1]Bertha's attorney informed this court in March 1974 of erroneous omissions from the clerk's transcript, which was then supplemented. William apparently abandoned his request that a reporter's transcript be prepared.