ESTHER G. SWARTZ, Respondent, v GERALD SWARTZ, Appellant.

Fourth Department, November 6, 1975

*Hodgson, Russ, Andrews, Woods & Goodyear (Victor Fuzak* and *Robert W. Keller* of counsel), for appellant.

*Williams, Williams, Volgenau & Tisdall (Joseph C. Tisdall* of counsel), for respondent.

GOLDMAN, J. This appeal presents the question of the authority of an arbitrator to reduce appellant husband's alimony obligation provided for the respondent wife in a separation agreement. The husband appeals from two orders, the first of which vacated and remitted for rehearing an arbitration award which, in part, modified downward the amount of alimony fixed under the agreement. The second order denied the husband's motion to renew his application to confirm the award.

In 1965 the parties executed a separation agreement containing a nonmerger clause and shortly thereafter the husband obtained a Mexican divorce decree which incorporated by reference the nonmerged agreement. By its terms the husband agreed to pay to the wife a base amount of $1,217 per month, plus $200 per month for the support of the parties' two children. Other provisions were made for medical, dental and educational expenses and for the conveyance of the family residence to the wife. A further provision was made for payment by the husband of "one-half of all reasonable tuition expense incurred by the wife for the purpose of training and preparing herself for gainful occupation or employment." The basic amount of alimony was subject to modification under a cost-of-living adjustment, and alimony payments to the wife were to continue only until such time as she might remarry.

Paragraph 20 of the agreement, the construction of which is determinative of this appeal, is the arbitration clause which

provides in part that: "In the event the parties are unable to agree in respect of any matter in this Agreement concerning which their mutual agreement is required or in the event that any claim, dispute, controversy or misunderstanding arises out of or in connection with this Agreement, or any decree in which it may be incorporated, the enforcement, interpretation or meaning of any part thereof, such matter shall be arbitrated by the parties before one arbitrator mutually acceptable to both parties".

In November, 1972 the husband unsuccessfully petitioned Family Court, under section 466 of the Family Court Act, to reduce the alimony payment on the ground that circumstances had changed since the decree; that his former wife had secured gainful employment and was earning approximately $13,000 per year. On appeal to this court we affirmed the Family Court's refusal to modify the alimony (Swartz v Swartz, 43 AD2d 1012).

On October 19, 1973 the wife sought arbitration of several disputes, primarily her claim for arrearages in alimony payments. On November 21, 1973 the husband, through his attorneys, responded by letter requesting arbitration of additional issues, including a demand that there be a downward revision in alimony because of the wife's earnings. A hearing was had and an award made on March 22, 1974, one month after this court's affirmance of the Family Court's refusal to reduce alimony. The award resolved the wife's claims, which are only tangentially relevant,[1] and ordered that alimony be reduced by an amount equal to one third of the wife's earnings, if the wife chooses to be gainfully employed.

The main issue here is whether the arbitrator exceeded his power when he awarded a downward adjustment of alimony. CPLR 7511 (subd [b], par 1, cl [iii]) provides that an award may be vacated when "an arbitrator * * * exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made". Special Term reasoned that when the arbitrator reduced the alimony he

1. The arbitrator ordered that arrearages for alimony, reimbursement for hospitalization insurance, child support, and children's dental expenses be paid by the husband in accordance with a stipulation by the parties. The award also held that the cost-of-living adjustment clause was valid, that the husband had not interfered with his ex-wife's personal life in violation of the agreement, that the husband had not failed to pay the wife's medical and dental expenses and that no one had violated the visitation paragraph.

exceeded his power by impairing the wife's contractual rights under the separation agreement, citing as its authority *Goldman v Goldman* (282 NY 296). We take a contrary view. Once a controversy is properly before the arbitrator, as in the instant case, his powers in resolving it are extremely broad and flexible. As the Court of Appeals recently said: "Absent provision to the contrary in the arbitration agreement, arbitrators are not bound by principles of substantive law or rules of evidence * * *. Their duty is to reach a just result regardless of the technicalities * * *. Even where the arbitrator states an intention to apply a law, and then misapplies it, the award will not be set aside" *(Matter of Associated Teachers of Huntington v Board of Educ.,* 33 NY2d 229, 235). Or as stated in 8 Weinstein-Korn-Miller, NY Civ Prac, par 7511.18, pp 75-170–75-171 "[t]hus, if there is any possible way of construing the agreement to encompass the dispute and the arbitrator so construes it in assuming jurisdiction, the courts would seem to lack authority to review the determination. * * * Such a conclusion makes arbitration clauses exceedingly dangerous, no matter how circumscribed they appear to be. But it is a logical outgrowth of the tendency to make the arbitrator the judge of his own jurisdiction once validity of the arbitration clause is determined". Even if an arbitrator refuses to consider relevant evidence because of a mistaken interpretation of a rule of law that makes the evidence irrelevant, the award will be allowed to stand *(Matter of Raisler Corp. [New York City Housing Auth.],* 32 NY2d 274, 283).

There are, of course, cases where the arbitrator's award should be vacated; where the construction of a document is "completely irrational" *(Matter of National Cash Register Co. [Wilson],* 8 NY2d 377, 383) "or where the document expressly limits or is construed to limit the powers of the arbitrators" *(Lentine v Fundaro,* 29 NY2d 382, 385). *Matter of Granite Worsted Mills (Cowen)* (25 NY2d 451, 456) is illustrative of this principle. That case involved arbitration of a claim that a seller had delivered defective goods to a commercial buyer. The sale contract provided that the buyer's damages could not exceed the difference in value between the goods specified and the goods delivered. Yet the arbitrator awarded the buyer damages several times greater than the total purchase price of the goods. The court reasoned (p 456) that: "Where it is clear from the face of the award itself * * * that the arbitrator has included an element of damages specifically excluded by the

contract pursuant to which he obtained his very authority to act, he exceeds his powers". Notwithstanding this statement the court said (p 457) that "[t]here is no doubt that an arbitrator, if he so decides, may indeed refuse to enforce such a damage limitation clause on the ground of unconscionability or on other grounds and today's decision does not in any way limit that power".

Although the paragraph covering the amount to be paid to the wife may seem at first reading an effort to except alimony from arbitration, that provision must be read in the context in which it is used. It appears in a recitation of an elaborate cost-of-living adjustment scheme. It states that "[a]djustments will be made to reflect the percentage-wise increase over 109 of the Revised Consumers Price Index, provided, however, that the monthly alimony payments shall under no circumstances be less than * * * $1,217.00". The arbitrator was justified in his consideration of the entire agreement to conclude that this provision placed a floor on cost-of-living adjustments but did not limit his right to consider the reasonableness and fairness of the alimony provision in the light of all the circumstances.

The arbitration provision in the instant case is extremely broad; "[i]n the event the parties are unable to agree in respect of *any matter* * * * concerning which their *mutual agreement* is required or in the event that *any claim, dispute, controversy* or *misunderstanding* * * * the enforcement, *interpretation* or *meaning* of *any* part thereof, such matter shall be arbitrated" (emphasis supplied). Nowhere in this 16-page, detailed, and carefully drafted agreement, described by Special Term as "a most comprehensive document", is there a provision excluding from the powers of the arbitrator his consideration of the reasonableness of the alimony provision.

In the domestic relations field courts have repeatedly approved arbitration as a proper forum for the fixing of alimony or support payments under valid separation agreements. (See *Hirsch v Hirsch*, 37 NY2d 312; *Schneider v Schneider*, 17 NY2d 123; *Matter of Robinson*, 296 NY 778; *Kleiner v Sanjenis*, 46 AD2d 617; *Storch v Storch*, 38 AD2d 904.) In *Sperling v Sperling* (26 AD2d 827, 828), which contained an arbitration clause similar to the case at bar ("any controversy or claim arising out of or relating to this contract shall be settled by arbitration"), the Second Department held that this general arbitration clause was sufficient in and of itself to authorize the arbitrator to change the alimony by reason of a change in

circumstances. Under the language of the arbitration clause in the instant case, as in *Sperling,* the arbitrator's award is proper and, therefore, not subject to attack in court.

What is the equitable result of the arbitrator's decision? If we exclude from the amount to be paid to the wife under the agreement the $200 per month for the support of the children, the wife's annual payments are $14,604. If we then reduce that amount by one third of the wife's earnings of $13,000, as ordered by the arbitrator, she would receive from the husband $10,271, which when added to her $13,000 income would make her total income $23,271 per year—$8,667 more than she now receives under the agreement. From this point of view the arbitrator's award surely does equity and cannot be said to be "irrational".

Special Term further concluded, as an alternative rationale for its decision to vacate, that the husband had waived his right to arbitrate his demand to reduce the contractual alimony payments by previously petitioning Family Court to modify the alimony provided for in the agreement and divorce decree. We do not agree with this determination. When a separation agreement with a nonmerger clause is incorporated in a divorce decree there are two legal theories on which the wife may proceed against the ex-husband. She may seek enforcement or modification of the decree (see Family Ct Act, § 466), or she may commence a contract action for breach of the nonmerged separation agreement *(Goldman v Goldman,* 282 NY 296, 303–304, *supra).* Similarly, the husband could seek modification of the divorce decree (see *Swartz v Swartz,* 43 AD2d 1012, *supra),* or attempt to reform, rescind, nullify or modify his contractual obligations (see *Hirsch v Hirsch,* 37 NY2d 312, *supra).* It is well settled that courts cannot alter the contractual obligations of the nonmerged separation agreement unless the wife is in danger of becoming a public charge *(McMains v McMains,* 15 NY2d 283; *Gardner v Gardner,* 40 AD2d 153, affd 33 NY2d 899). Therefore, because the husband has two concurrent, but separate and distinct obligations, the doctrine of voluntary waiver should not be applied to his efforts to modify those obligations.

*Schussel v Schussel* (63 NYS2d 380), cited by Special Term in support of its waiver determination, is distinguishable. There the court denied the husband's motion to compel arbitration on the grounds of laches and waiver. In the instant case, in contrast, the waiver objection is raised after the

arbitration was already had. It was initiated by the wife who never claimed that her husband was barred by laches or waiver. Hence, even if the wife could at one point have stayed arbitration on the ground that her husband had waived the right, she should not be permitted to do so now, having participated in the arbitration without raising that objection (cf. *Matter of Zimmerman v Cohen,* 236 NY 15; *Matter of Ingardia Constr. Co. [Dyker Bldg. Co.],* 14 AD2d 23).

Special Term's order vacating the award should be reversed and the motion to confirm the award should be granted. The appeal from the order denying appellant's motion to renew his prior motion to confirm is dismissed as academic.

MOULE, J. P., SIMONS and WITMER, JJ., concur.

Order, entered March 12, 1975, unanimously reversed without costs and motion to confirm award granted.

Appeal from order, entered June 27, 1975, unanimously dismissed as academic.