[Civ. No. 15904. Fourth Dist., Div. Two. Dec. 21, 1976.]

In re the Marriage of RICKY and ROBERT E. HARRIS.
RICKY HARRIS, Respondent, v.
ROBERT E. HARRIS, Appellant.

COUNSEL

Konstantine P. George for Appellant.

Robert A. Schwamb and John Guerin for Respondent.

OPINION

KAUFMAN, Acting P. J.—Robert E. Harris (hereinafter former husband) moved to terminate spousal support payments. The order of the trial court denied the motion and awarded Ricky Harris (hereinafter former wife) attorney fees and costs for resisting the motion. Former husband appeals.

*Facts*

By an interlocutory decree of dissolution of marriage dated December 23, 1971, former husband was ordered to pay spousal support to former wife in the amount of $500 per month commencing November 1971 and terminating November 1977. The interlocutory decree also provided: "The requirement of this paragraph for payments for the support of Petitioner [former wife] shall not be modifiable on any ground. [¶] Spousal support shall terminate upon the death or remarriage of Petitioner [former wife]."

These provisions respecting spousal support were based upon and taken from substantially identical provisions of a marital settlement agreement between the parties executed December 22, 1971, effective November 2, 1971.

The marital settlement agreement followed a stipulation in open court on November 9, 1971, which provided in pertinent part: "Said spousal support [$500 per month for a period of 6 years] is non-modifiable unless in case petitioner [former wife] remarries or is deceased."

On June 9, 1975, former husband filed an order to show cause to terminate spousal support pursuant to the provisions of Civil Code section 4801.5.[1] Although the trial court found that former wife was residing with a male person to whom she was not married for more than 30 days, it concluded that section 4801.5 was inapplicable because former wife did not hold herself out as the spouse of the male person with whom she was living and that, in any event, spousal support was not modifiable because both the marital settlement agreement and the stipulation in open court expressly provided that the provisions for spousal support payments were not modifiable.

The court denied the motion for modification and awarded former wife $1,000 attorney fees and $60.88 costs for defending against the modification motion. Subsequently, in connection with a motion to correct the court's order, an additional $250 attorney fee was awarded former wife.

### Contentions on Appeal

Former husband contends (1) the provisions in the stipulation, marital settlement agreement and interlocutory decree that the prescribed support payments are nonmodifiable do not divest the court of jurisdiction to revoke the support order pursuant to section 4801.5; (2) former wife has "assumed the status of spouse" and the spousal support order should be terminated pursuant to section 4801.5 notwithstanding former wife has not held herself out as the spouse of the male person with whom she is residing; and (3) the trial court abused its discretion in awarding former wife attorney fees and costs for defending the modification motion.

---

[1] All statutory references are to sections of the Civil Code unless otherwise indicated.

Section 4801.5 added by Statutes 1974, chapter 1338, section 1, page 2911, effective January 1, 1975, reads in pertinent part: "Upon the petition of a spouse who has been ordered to pay support under Section 4801, the court shall revoke the order for support upon proof that the spouse to whom support has been ordered to be paid is living with a person of the opposite sex and holding himself or herself out as the spouse of the person for a total of 30 days or more, either consecutive or nonconsecutive, although not married to the person."

Former wife contends (1) that the provisions in the stipulation and marital settlement agreement that spousal support was not modifiable is effective to prevent the court from modifying spousal support pursuant to section 4801.5; (2) former wife did not "assume the status of a spouse" and did not hold herself out as being married to the male person with whom she was residing and section 4801.5 is therefore inapplicable; (3) even if facts sufficient to bring section 4801.5 into play had been proven, the application of that section to the marital settlement agreement executed December 22, 1971, effective November 2, 1971, would be unconstitutional as impairing the obligation of a contract; and (4) the trial court did not abuse its discretion in awarding former wife attorney fees and costs.

*Discussion and Disposition*

*Attorney Fees and Costs*

"In respect to services rendered or costs incurred after the entry of judgment, the court may award such costs and attorneys' fees as may be reasonably necessary to maintain or defend any subsequent proceeding therein, and may thereafter augment or modify any award so made." (§ 4370, subd. (a).) ■ The award of such attorney fees and costs and the amount thereof are matters addressed to the sound judicial discretion of the trial court and, absent a clear showing of abuse, the trial court's determination will not be disturbed. (*In re Marriage of Millet,* 41 Cal.App.3d 729, 731 [116 Cal.Rptr. 390]; *In re Marriage of Rosan,* 24 Cal.App.3d 885, 899 [101 Cal.Rptr. 295].)

■ Although the trial court did not expressly find the attorney fees and costs awarded to former wife to be "reasonably necessary" (§ 4370, subd. (a)), no such specific finding was requested by former husband, and it is a reasonable interpretation of the court's awarding fees and costs that it found the necessity therefor. (*In re Marriage of Millet, supra,* 41 Cal.App.3d at p. 731.) In substance former husband's contention is that the implied finding of necessity is not supported by substantial evidence.

■ First, to effectively raise the issue of insufficiency of the evidence, an appealing party must present to the appellate court all the evidence touching upon the question involved, both that favorable to him and that unfavorable to him. When he fails to abide by this well-established and necessary rule of appellate practice, the appellate court is entitled to

indulge in a presumption that the evidence sustains the determination of the trial court. (*Foreman & Clark Corp.* v. *Fallon,* 3 Cal.3d 875, 881 [92 Cal.Rptr. 162, 479 P.2d 362]; *Strutt* v. *Ontario Sav. & Loan Assn.,* 28 Cal.App.3d 866, 874 [105 Cal.Rptr. 395]; *Estate of Palmer,* 145 Cal.App.2d 428, 431-432 [302 P.2d 629].) ▮ Former husband has not complied with this salutary appellate rule.

Moreover, it is readily apparent that the evidence concerning the needs and abilities of former husband and former wife was in conflict. Wife filed a financial declaration showing monthly income of $3,423.63 and monthly expenses of $3,756.51. Former husband originally filed no financial declaration but eventually filed a declaration showing income and expenses but not showing assets. The testimony showed he was 100 percent owner of an insurance agency valued at $207,372 at the time of the interlocutory decree. There was evidence that the cash balance in the agency's checking account amounted to some $13,000. The trial court was not bound to view the financial circumstances of the parties in accordance with former husband's evaluation thereof. The evidence was conflicting, and the court did not abuse its discretion in awarding former wife $1,250 attorney fees and $60.88 costs.

*Modifiability of Spousal Support Order*

▮ In support of his contention that the order for support of former wife is modifiable, former husband argues, as best we understand it, that the marital settlement agreement upon which the order was based was merged in the interlocutory decree. It is true that the marital settlement agreement contained a provision reading: "This Agreement shall be submitted to the court for incorporation and merger into the interlocutory judgment of dissolution of marriage. . . ." However, no such merger was effected. After approving and incorporating the marital settlement agreement, the interlocutory decree went on: "It is adjudged that the Agreement shall survive it's [*sic*] incorporation as part of this judgment, and that the rights and duties under the Agreement remain rights and duties imposed by contract."

More importantly, insofar as modifiability is concerned, the doctrine of merger is no longer significant. "Prior to 1967, the case law of this state had developed complicated distinctions, whereby the modifiability and enforcement of the wife-support provisions of a property settlement agreement turned on the language of the agreement and of the decree"

and revolved around the concepts of "integration" and "merger." (*In re Marriage of Smiley,* 53 Cal.App.3d 228, 231-232 [125 Cal.Rptr. 717].) In 1967 former Civil Code section 139 was amended. (Stats. 1967, ch. 1308.) ■ "The effect of that amendment was to make all wife-support provisions of a property settlement agreement, whether or not merged, whether or not merely approved, and whether or not 'integrated' under the previous cases, both modifiable and enforceable by contempt." (*In re Marriage of Smiley, supra,* 53 Cal.App.3d at p. 232; see also *Tilghman v. Superior Court,* 40 Cal.App.3d 599, 603-606 [115 Cal.Rptr. 195].)

The substance of the affected portion of former Civil Code section 139 is now found in section 4811, subdivision (b) which reads: "The provisions of any agreement for the support of either party shall be deemed to be separate and severable from the provisions of the agreement relating to property. All orders for the support of either party based on such agreement shall be deemed law-imposed and shall be deemed made under the power of the court to make such orders. The provisions of any agreement or order for the support of either party shall be subject to subsequent modification or revocation by court order, except as to any amount that may have accrued prior to the date of filing of the notice of motion or order to show cause to modify or revoke, and *except to the extent that any written agreement, or,* if there is no written agreement, *any oral agreement entered into in open court between the parties, specifically provides to the contrary.*" (Stats. 1969, ch. 1608, § 8, p. 3336, as amended by Stats. 1970, ch. 1545, § 4, p. 3140.) (Italics added.) ■ Thus, all spousal support orders are modifiable except where the parties have specifically agreed to the contrary by an agreement in writing or a stipulation entered into in open court. ■ In the case at bench the parties agreed that spousal support was not modifiable, both in their stipulation in open court on November 9, 1971, and their marital settlement agreement executed December 22, 1971, effective November 2, 1971.

■ Former husband points to the fact that pursuant to both the stipulation in open court and the marital settlement agreement spousal support payments were to terminate upon remarriage of former wife. (See also § 4801, subd. (b).)[2] The contention seems to be that operative

---

[2]Section 4801, subdivision (b) reads: "Except as otherwise agreed by the parties in writing, the obligation of any party under any order or judgment for the support and maintenance of the other party shall terminate upon the death of either party or the remarriage of the other party."

facts sufficient to bring section 4801.5 (see fn. 1, *ante*) into play are tantamount to "remarriage" and, thus, constitute a permissible ground of termination consistent with the agreement of the parties.

■ It is true that we have observed that ". . . the enactment of section 4801.5 is a legislative effort to effect similar treatment between remarrying spouses and ones forgoing the formalities of the marriage contract." (*In re Marriage of Ludwig,* 58 Cal.App.3d 744, 750 [130 Cal.Rptr. 234].) We decline, however, to equate the existence of facts sufficient to bring section 4801.5 into play with a remarriage, for to do so would, we think, contravene the reasonable expectations of the parties at the time they entered into the marital settlement agreement.

In November and December 1971 there existed a statutory provision very similar to that found in section 4801.5. It was then embodied in subdivision (c) of section 4801.[3] ■ In the face of that provision and after specifically providing for the consequences of remarriage, the parties agreed in the marital settlement agreement that ". . . payments for the support of Wife shall not be modifiable *on any ground.*" (Italics added.)

■ Moreover, the statutes do not state that the existence of facts sufficient to bring into play section 4801.5 is equivalent to remarriage. Had that been the legislative intent it would have been easy for the Legislature to say so, and we should have expected the substance of section 4801.5 to be a part of subdivision (b) of section 4801, which deals with the effect of remarriage. On the contrary, however, the substance of what is now section 4801.5 was first included as a separate subdivision of section 4801 and, subsequently, became a separate section, section 4801.5.

■ The parties agreed that spousal support was to continue for six years and that it was not modifiable on any ground except upon the death of either party or the remarriage of former wife in which cases it would terminate. Such an agreement is specifically authorized by section

___

[3]Section 4801, subdivision (c), then provided: "Except as otherwise agreed by the parties in writing, the court may, upon petition of either party, modify or revoke any decree or judgment granting any allowance to the other party upon proof that the wife is living with another man and holding herself out as his wife, although not married to such man, or that the husband is living with another woman and holding himself out as her husband, although not married to such woman, except as to any amount that may have accrued prior to the filing of the petition." (See Stats. 1969, ch. 1608, § 8, p. 3334; Stats. 1970, ch. 1545, § 3, p. 3139; Stats. 1970, ch. 1575, § 4, p. 3285.)

4811, subdivision (b). The agreed spousal support is therefore not modifiable whether or not facts exist that would bring section 4801.5 into play.

In an emphasis at oral argument not readily apparent from his appellate briefs, former husband makes the argument that there is a difference between modification and termination and that the parties' agreement that the spousal support payments would not be modifiable on any ground does not preclude their being terminated. In the circumstances of this case, we reject this argument. We recognize, of course, that the word "termination" is susceptible to a different meaning than the word "modification." However, "modification" is the broader term and encompasses the term "termination." In the context of the case at bench "termination" is nothing more than a "modification" to zero.

*Other Contentions*

In view of the foregoing conclusions, we need not treat the parties' other contentions.

Affirmed.

McDaniel, J., and Morris, J., concurred.