[Civ. No. 59829. Second Dist., Div. Five. Mar. 16, 1981.]

In re the Marriage of JEANNE C. and MALCOLM D. ALPER.
JEANNE C. ALPER, Appellant, v.
MALCOLM D. ALPER, Respondent.

COUNSEL

Gross & Siegel and Leonard Gross for Appellant.

Philip N. Gepner and Richard P. Ross for Respondent.

OPINION

ASHBY, J.—Appellant Jeanne C. Alper (Wife) appeals from an order dismissing her order to show cause re contempt against respondent Malcolm D. Alper (Husband). Wife sought substantial amounts of spousal support which had been unpaid by Husband. In dismissing the action, the trial court held it had no power to enforce Wife's claim by way of contempt. The issue presented is whether the support obligations contained in the parties' marital settlement agreement were sufficiently incorporated and merged into their Arizona divorce decree to be enforceable by contempt.

The parties were married in Arizona in 1974 and divorced in Arizona by decree of the Superior Court of Pima County, Arizona, filed May 26, 1977. They had executed a marital settlement agreement dated May 23, 1977.

### THE DECREE OF DISSOLUTION

The Arizona decree of dissolution of marriage contains the following pertinent provisions: "3. The Court finds that at the time this action

was commenced, husband and wife were domiciled in Arizona and it has been maintained for ninety days; the conciliation provisions of A.R.S., Sec. 25-381.09, either do not apply or have been met; the marriage is irretrievably broken; and to the extent it has jurisdiction to do so, the Court has herein considered, approved, and made provision for the maintenance of either spouse and the disposition of property.

"4. The spouses have agreed to a written Marital Settlement Agreement dated May 23, 1977, a signed copy of which has been filed with the Court. This Marital Settlement Agreement is incorporated by reference in this Decree. The Court finds the terms of the Marital Settlement Agreement as to property disposition and spousal support and maintenance fair.

"THE COURT ORDERS:

"A. That this marriage be dissolved.

"B. That costs be taxed against the Respondent, MALCOLM D. ALPER.

"C. Attorneys' fees shall be awarded to Petitioner in accordance with the terms of the Marital Settlement Agreement."

The marital settlement agreement appears to have been attached to the decree and recorded as part of the judgment.

THE MARITAL SETTLEMENT AGREEMENT

The pertinent provisions of the marital settlement agreement:

"(3) ALIMONY AND SPOUSAL SUPPORT AND MAINTENANCE

"The parties acknowledge that wife cannot obtain employment without an extensive re-training and educational program, and to that effect, husband agrees to pay to the wife the sum of Fifteen Hundred and no/100 ($1500.00) Dollars each month, as and for alimony, support and spousal maintenance, for a period of three (3) years, commencing June 1, 1977....

"In addition thereto, husband agrees to pay to wife as and for additional alimony, support and spousal maintenance one-half (1/2) of the

yearly profits he may realize from the husband's interests in partnerships referred to in Paragraph (2)....

"(14) MISCELLANEOUS

".      .      .      .      .      .      .      .      .      .      .      .      .      .

"E. This agreement is entered into in the State of Arizona and shall be construed and interpreted under and according to the laws of the State of Arizona."

## DISCUSSION

Husband's basic argument for dismissing the action was that, by California standards, the support obligations in the marital settlement agreement were not sufficiently incorporated by the language of the decree of dissolution to merge those obligations into the court's decree so as to render them an order of the court enforceable by contempt.[1] Wife contends that under Arizona law the marital settlement agreement was merged in the decree and is enforceable by contempt and that therefore the trial court erred in dismissing the California action.[2] We agree.

■   Whether the marital settlement agreement was merged in the Arizona decree is to be decided by Arizona law. (*Solley* v. *Solley* (1964) 227 Cal.App.2d 522, 530 [38 Cal.Rptr. 802]; *Lubin* v. *Lubin* (1956) 144 Cal.App.2d 781, 786 [302 P.2d 49].) If the agreement was so merged under Arizona law, then, upon registration of the foreign support order in California, the California court should have enforced the foreign order by the normal remedies, including contempt. (Code Civ. Proc., § 1699; *Knodel* v. *Knodel* (1975) 14 Cal.3d 752, 760, fn. 10

[1]Husband cites 6 Witkin, Summary of California Law (8th ed. 1974) Husband and Wife, section 201, pages 5072-5073. Witkin also states, however, that due to statutory changes in 1967, whether the parties and the court intended a merger is no longer significant. (*Id.*, at § 192, p. 5061; see Civ. Code, §§ 4811, subd. (b), 4380; *In re Marriage of Smiley* (1975) 53 Cal.App.3d 228, 232 [125 Cal.Rptr. 717]; *In re Marriage of Harris* (1976) 65 Cal.App.3d 143, 149-150 [134 Cal.Rptr. 891].) However, in *Tilghman* v. *Superior Court* (1976) 40 Cal.App.3d 599, 607 [115 Cal.Rptr. 195], we said that even the present law "envisions some form of court order and not just approval of the agreement if enforcement through contempt proceedings is sought." (See also Propper, *The Judgment of Dissolution and the Agreement—Incorporation, Merger, Integration and Approval* (1975) 51 L.A. Bar J., 177, 185, fn. 50.) We need not reconcile these authorities since we conclude that Arizona law governs.

[2]Wife registered the Arizona decree in California as a foreign support order pursuant to Code of Civil Procedure sections 1697-1699.

[122 Cal.Rptr. 521, 537 P.2d 353]; *Biewend* v. *Biewend* (1941) 17 Cal.2d 108, 113 [109 P.2d 701, 132 A.L.R. 1264]; *Creager* v. *Superior Court* (1932) 126 Cal.App. 280, 282-283 [14 P.2d 552].) Slight variations between the law of California and Arizona as to the exact circumstances in which a settlement agreement is deemed merged into the decree do not render enforcement of the Arizona decree contrary to settled public policy of California. (*Knodel* v. *Knodel, supra,* at p. 765, fn. 15; *Biewend* v. *Biewend, supra.*)

Wife cites Arizona authority which supports her contention that under the law of Arizona the agreement was merged into the decree so as to be enforceable by contempt. (*Earley* v. *Earley* (1967) 6 Ariz.App. 110 [430 P.2d 456, 460].) Thus the court in its decree specifically states that it has "considered, approved and *made provision for* the maintenance of either spouse"; the court states that the agreement has been filed with the court and "is incorporated by reference in this Decree"; and the court further finds the terms of the agreement as to property disposition and spousal support and maintenance fair. (Italics added.) From the record on appeal in the instant case it also appears that the marital settlement agreement was attached to the decree and recorded in official records as part of the judgment. (See *Wright* v. *Stidham* (1964) 95 Ariz. 316 [390 P.2d 107, 109].)[3] Husband cites no Arizona law to the contrary.

Since the agreement was merged in the decree under Arizona law, the trial court erred in being unwilling to enforce the decree by contempt as a registered foreign support order.

The order of dismissal is reversed.

Stephens, Acting P. J., and Hastings, J., concurred.

---

[3]Other Arizona authorities cited by Wife also support her contention, although by negative implication. Although the marital settlement agreement did not state that the parties specifically intended that it become part of a court decree, neither did it contain a provision found in these other Arizona cases, that the obligations of the agreement *were not* to be merged in a court judgment. (See *McNelis* v. *Bruce* (1961) 90 Ariz. 261 [367 P.2d 625, 631-632]; *Simpson* v. *Superior Court* (1960) 87 Ariz. 350 [351 P.2d 179, 182]; *Marshick* v. *Marshick* (1976) 25 Ariz.App. 588 [545 P.2d 436, 438].)