[Civ. No. 62812. Second Dist., Div. Three. Apr. 26, 1982.]

BARBARA TYTEL, Plaintiff and Respondent, v.
BERNARD TYTEL, Defendant and Appellant.

**COUNSEL**

Dubin, Grosberg & Benjamin, Leonard R. Dubin, Lawrence S. Grosberg and Donna S. Packer for Defendant and Appellant.

Saul S. Kreshek and Alex J. Rose for Plaintiff and Respondent.

OPINION

MARNELL, J.*—This appeal is from the trial court's order granting plaintiff and respondent's motion for partial summary judgment on respondent's second cause of action to enforce support obligations due under the terms of a written marital settlement agreement entered into by the parties in the State of New York on September 13, 1971. The second cause of action was for breach of the settlement agreement.

On October 21, 1980, the trial court ordered appellant/defendant to pay support payments pursuant to the parties' written marital settlement agreement of September 13, 1971, regardless of the fact that the New York judgment of divorce had been established as a California judgment and spousal support by the husband had been lowered below the terms of the marital settlement agreement.

### STATEMENT OF FACTS

Appellant and respondent were married on November 15, 1952, in the City of New York, State of New York. There were two children born of the marriage, Jan (born Dec. 8, 1954) and Nancy (born Nov. 24, 1958).

On September 13, 1971, appellant and respondent entered into a written separation agreement in the State of New York. The agreement provided, inter alia, that appellant would make certain monthly child and spousal support payments to respondent.

Under the terms of the separation agreement, appellant was obligated to pay respondent the sum of $750 in semimonthly payments for spousal support, and the sum of $250 per child in semimonthly payments for child support. The child support payments for each child ceased, upon each child attaining majority, and the spousal support payments to respondent were increased to the sum of $833.33 per month when Jan Tytel reached majority, and to the sum of $916.67 per month when Nancy reached majority (which, in the State of New York was age 21).

The separation agreement provides that the spousal support is to continue until respondent remarries or until the death of either party. The agreement expressly provides that the terms and obligations of the

---

*Assigned by the Chairperson of the Judicial Council.

agreement would survive any such decree of divorce or judgment and would remain binding upon the parties.

Said agreement provided: "14. The provisions of this Agreement shall not be construed to prevent either party from suing for an absolute divorce in any competent jurisdiction, provided that legal grounds therefor exist. The provisions herein agreed upon shall be incorporated in and made part of any interlocutory or final decree of absolute divorce; *but no decree so obtained shall in any way affect or vary this agreement or any of the terms, conditions, and covenants hereof.* This Agreement shall survive such a decree of divorce, it being absolute, and both parties intending to be legally bound hereby regardless of any action, suit, or proceeding which may hereafter be brought relating to the marital status, rights, or duties of the parties hereto." (Italics added.)

On January 31, 1975, a final judgment of divorce was entered by the Supreme Court of the State of New York. The support provisions of the marital settlement agreement (paragraphs two and three) are set forth *in haec verba* in the judgment of divorce.

This action was commenced by respondent on March 14, 1979, with the filing of a complaint to establish the parties' New York judgment and divorce as a California judgment and to enforce the child and spousal support provisions thereof.

Simultaneously with the filing of his amended answer to the complaint admitting the validity of the New York judgment and its establishment as a California judgment, appellant filed an order to show cause re: modification of spousal support, requesting a reduction in support.

On September 13, 1979, a hearing was held before the Honorable Abraham Gorenfeld, commissioner, on the order to show cause re modification, at which hearing counsel for the parties stipulated that the New York judgment be established as a California judgment. On September 14, 1979, an order was made reducing support provided for in the New York judgment and directing payment accordingly.

Subsequently, pursuant to leave granted by the court, respondent filed a first amended complaint which contained, in addition to the original cause of action to establish the New York judgment as a California judgment, a second cause of action for breach of the support

provisions of the parties' marital settlement agreement. Appellant filed an answer to the amended complaint, again admitting the validity of the New York judgment and its establishment as a California judgment.

On April 5, 1980, respondent filed a "Notice of Motion for Partial Summary Judgment" (*sic*) with regard to the second cause of action. The motion was granted and judgment entered for a sum representing the difference between the amount of support provided for in the marital settlement agreement and the amount paid pursuant to the order of September 14, 1979.

The judgment also purported to establish the New York judgment as a California judgment for all times and for all purposes with the provision that it "shall not be subject to enforcement by proceedings except as modified herein on 9-14-17" (*sic*).

### APPELLANT'S CONTENTIONS

1. When the parties' New York judgment of divorce was established as a California judgment, the provisions of their separation agreement relating to child and spousal support were merged into the California judgment and no action could thereafter be maintained upon them.

2. Since the support provisions of the parties' marital settlement agreement were incorporated in and made a part of the New York judgment, subsequently established as a California judgment, and appellant was ordered to comply therewith, those paragraphs were merged into the California judgment and no action could thereafter be maintained by them.

3. That the court order granting partial summary judgment on plaintiff/respondent's second cause of action was an illegal modification of the modification order of September 14, 1979, by Commissioner Gorenfeld because no modification proceedings were pending before the court.

4. That California does not recognize an independent right of action on a marital settlement agreement, some terms of which are incorporated and ordered performed by a dissolution decree, even if New York law allows such an action on contract.

### RESPONDENT'S CONTENTIONS

1. That New York law is controlling on the interpretation of the marital settlement agreement and the right to an independent contract action.

2. That the support provisions of the agreement were not "merged" into the New York judgment *or* the California judgment.

3. That comity and full faith and credit be given to the laws of New York despite any procedural differences.

4. That public policy of the State of California does not preclude the independent contract action on the settlement agreement.

5. That full faith and credit requires that the established California judgment, based on the New York decree, recognize the respondent's right to an independent contract action on the settlement agreement, which is count two of respondent's complaint.

### DISCUSSION

In summary, what appellant is contending is that the respondent/wife who, by operation of New York law where the contract was made and to be performed, had an absolute right to bring an independent contract action to enforce the support provisions of an absolute, unconditional, and nonmodifiable marital settlement agreement, in *addition* to her right to enforce the support provisions of the New York decree of divorce (which *decree* provisions are modifiable by New York law) lost the right to her independent contract action because she established the New York decree and judgment as a California judgment first, in order to enforce the *decree* support provisions in California against appellant who had left New York and gone to California.

These contentions are made on the grounds that the support provisions contained in the New York decree were somehow "merged" into the California judgment by operation of *California* law and extinguished the right of respondent to bring a separate contract action on the settlement agreement, a right granted by *New York* law.

These contentions are made despite the following facts:

1. Appellant admits that New York law must be used to interpret the parties' rights under the marital settlement agreement.

2. Appellant admits that the respondent/wife could bring *two* separate actions in New York, but states she "elected" in California to abandon her contract action.

3. That if the post-1970 action had been brought in California it would have resulted in a *nonmodifiable*, absolute dissolution decree. (Civ. Code, § 4811.)

4. That appellant/husband voluntarily agreed to the absolute, unconditional and nonmodifiable support provisions in the marital settlement agreement and contract in New York, recognized by *both* California law (Civ. Code, § 4811), and New York contract law. (*Goldman* v. *Goldman* (1940) 282 N.Y. 296 [26 N.E.2d 265]; *Kreuger* v. *Kreuger* (1976) 86 Misc.2d 857 [383 N.Y.S.2d 1000]; *Swartz* v. *Swartz* (1975) 49 App.Div.2d 254 [374 N.Y.S.2d 857].)

5. If the action on the contract-agreement had been brought first in California, this appeal would have been without any substance.

The contentions of appellant, although varied and unique, must be denied and the summary judgment affirmed for the following reasons:

I

*New York Law does not allow nonmodifiable support decrees but does grant an independent cause of action on a marital settlement agreement. (Goldman v. Goldman, supra, 282 N.Y. 296; Kreuger v. Kreuger, supra, 383 N.Y.S.2d 1000.)*

As was stated in *Swartz* v. *Swartz, supra*, 374 N.Y.S.2d 857 at page 862: "When a separation agreement with a nonmerger clause is incorporated in a divorce decree there are two legal theories on which the wife may proceed against the ex-husband. She may seek enforcement or modification of the decree (see, Family Court Act, § 466), or she may commence a contract action for breach of the nonmerged separation

agreement (Goldman v. Goldman, 282 N.Y. 296, 303-304, 26 N.E.2d 265, 268-269, supra)."

Again in *Swartz, supra,* 374 N.Y.S.2d 857, the court pointed out that these are not alternative remedies but concurrent and independent rights to both remedies and the husband had not waived his right to seek rescission of the contract agreement by first petitioning the family court to modify the support provisions. "Therefore, because the husband has two concurrent, but separate and distinct obligations, the doctrine of voluntary waiver should not be applied to his efforts to modify those obligations." (374 N.Y.S.2d at p. 863.)

Both *Swartz* and *Goldman* were approved in *Kreuger v. Kreuger, supra,* 383 N.Y.S.2d 1000 in 1976.

Again in *Kreuger, supra,* at page 1003, the court said: "The law of New York has always been in such a case that so long as the support *agreement* [italics added] stands unimpeached, the court cannot alter or modify its provisions."

## II

*The legality of a contract and its interpretation are to be governed by the law of the place where it was made.*

(*Hutchinson v. Hutchinson* (1941) 48 Cal.App.2d 12 [119 P.2d 214]; Civ. Code, § 1646; Rest., Conflict of Laws, § 612; *In re Marriage of Alper* (1981) 116 Cal.App.3d 925 [172 Cal.Rptr. 402].) As was stated in *Hutchinson, supra,* 48 Cal.App.2d 12, 18: "If the contract is legal in the state where it was made, it will be enforced elsewhere unless it is contrary to the strong public policy of the forum."

## III

*It is not against the public policy of California to enforce property settlement agreements and make support provisions unmodifiable.*

(Civ. Code, § 4811; *Knodel v. Knodel* (1975) 14 Cal.3d 752 [122 Cal.Rptr. 521, 537 P.2d 353].) "[N]o public policy is offended when judicial recognition is given to the law of a sister state which requires an identical result in similar circumstances, and comity thus requires that we give full force and effect to the Virginia agreement as construed

pursuant to the laws of that state. As the obligation for support could not have been terminated or modified pursuant to the law of that state, ..." *Knodel* v. *Knodel, supra,* 14 Cal.3d at page 766, expressly overruling *Weisz* v. *Weisz* (1971) 19 Cal.App.3d 676 [97 Cal.Rptr. 18] and pre-1970 cases.

## IV

*The support provisions of the marital agreement were not merged in the New York decree or in the California judgment.*

Whether a marriage settlement agreement is merged in a decree is decided by the law of the state where the decree is rendered. (And New York law expressly forbids this effect. *Goldman* v. *Goldman, supra,* 282 N.Y. 296.) (Code Civ. Proc., § 1699; *In re Marriage of Alper* (1981) 116 Cal.App.3d 925 [172 Cal.Rptr. 402]; *Solley* v. *Solley* (1964) 227 Cal.App.2d 522 at p. 530 [38 Cal.Rptr. 802].)

As stated in *Alper, supra,* at page 928: "Whether the marital settlement agreement is merged in the Arizona decree is to be decided by Arizona law." (Citing *Knodel* v. *Knodel, supra,* 14 Cal.3d 752.)

## V

*Independent actions for support are not contrary to California law. This is the concept of "divisible divorce."*

(*In re Marriage of Van Sickle* (1977) 68 Cal.App.3d 728 at page 735 [137 Cal.Rptr. 568]; *Lopez* v. *Lopez* (1965) 63 Cal.App.2d 735, 737 [48 Cal.Rptr. 136, 408 P.2d 744], *Knodel* v. *Knodel, supra,* 14 Cal.3d 752, dictum in fn. 10.) As stated in *Van Sickle, supra,* 68 Cal.App.3d at page 735: "[A]nd, hence, controversies over division of marital property, custody of minor children and, under appropriate circumstances, spousal support need not be litigated in the proceeding brought to dissolve the marriage; such controversies may be litigated in a separate action." (Citing numerous cases in support of this principle.)

## VI

*The establishment of New York judgment as a California judgment did not "merge" the support provisions into the California judgment and bar an independent action.*

As correctly pointed out by respondent, the New York decree did not extinguish the parties' separation agreement. Full faith and credit requires that the newly established California judgment have exactly the same effect on the parties' separation agreement as the New York judgment did—none. (*Knodel* v. *Knodel, supra*, 14 Cal.3d 752; *In re Marriage of Nielsen* (1980) 100 Cal.App.3d 874 [161 Cal.Rptr. 272]; *In re Marriage of Harris* (1976) 65 Cal.App.3d 143 [134 Cal.Rptr. 891]; *In re Marriage of Carletti* (1975) 53 Cal.App.3d 989 [126 Cal.Rptr. 1].)

CONCLUSION

It would certainly be incongruous that an agreement which would have resulted in a nonmodifiable California decree, if the action had been brought in California, would not be enforced here because the states have different procedural requirements, especially since the substantive law of both states brings about similar results.

As stated in *Hutchinson* v. *Hutchinson, supra*, 48 Cal.App.2d 12, at page 21: "The fact that the law in one state may differ from the law of another, whether it be in the enforcement of rights, the creation of rights, or the validity of contracts, is not of itself any reason for refusing to enforce contracts valid in the state where they are made."

For the reasons stated, the summary judgment of October 21, 1980, is affirmed.

Klein, P. J., and Lui, J., concurred.

A petition for a rehearing was denied May 11, 1982, and appellant's petition for a hearing by the Supreme Court was denied June 23, 1982.