[No. B051961. Second Dist., Div. Six. June 20, 1991.]

In re the Marriage of HU HYON and ANDREW KIRSCHNER.
COUNTY OF SAN LUIS OBISPO, Appellant, v.
ANDREW KIRSCHNER, Respondent.

452

## COUNSEL

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, George Williamson, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, Carol Wendelin Pollack and Elaine F. Tumonis, Deputy Attorneys General, for Appellant.

Andrew Kirschner, in pro. per., for Respondent.

## OPINION

**YEGAN, J.**—"A parent's first and principal obligation is to support his or her minor children according to the parent's circumstances and station in life." (Civ. Code, § 4720, subd. (e); see also Civ. Code, § 196, subd. (a).) If the government supports a parent's child, the parent has to reimburse the government subject to the three-year statute of limitations and the parent's ability to pay.

County of San Luis Obispo (County) appeals from a judgment denying a $14,642.98 reimbursement claim for public assistance benefits, Aid to Families With Dependent Children (AFDC), furnished respondent's children by the state of Florida. County filed the interstate child support enforcement action pursuant to Welfare and Institutions Code section 11350 and the Revised Uniform Reciprocal Enforcement of Support Act (RURESA). (Code Civ. Proc., § 1650 et seq.)

County contends the trial court erred when it found the reimbursement claim was barred by a Florida dissolution judgment which reserved jurisdiction on child support but never set a support amount. We reverse because the trial court misconstrued the Florida dissolution judgment and failed to apply California law.

On November 22, 1978, respondent obtained a Florida dissolution following a three-year marriage. Two children were born during the marriage and

placed in foster care by the Juvenile and Domestic Relations Division of the Florida Circuit Court. The "Final Judgment of Dissolution of Marriage" awarded wife $100 per month spousal support for 48 months and ". . . reserve[d] continuing jurisdiction over the parties of this cause and the minor children, pending further action of the Juvenile and Domestic Relations Division." No child support orders were made because the children were still in foster care.[1]

Respondent moved to San Luis Obispo County and became employed as a correctional officer at the California Men's Colony. His ex-wife and two children remained in Florida. From 1982 to 1989, the Florida Department of Health and Rehabilitative Services (HRS) provided respondent's children $16,460.98 in AFDC benefits. (42 U.S.C. § 651 et seq.) This arrearage was reduced to $14,642.98 following a 1986 intercept of respondent's federal income tax refund.

On May 4, 1989, Florida initiated a RURESA petition to collect $9,966.12 in accrued spousal support, obtain child support, and recoup $14,642.98 in AFDC benefits. California, acting as the "responding state," (Code Civ. Proc., § 1653, subd. (i)) brought a Welfare and Institutions Code section 11350 action to obtain the relief requested in the petition.

After a noticed hearing, the trial court ordered respondent to pay the spousal support arrearage and commence child support payments of $288 per month for each child. The AFDC reimbursement claim was denied. The trial court found the 1978 dissolution judgment constituted a support order for "zero dollars" pursuant to Florida Statutes Annotated section 409.2561 (West 1991 supp.).[2]

 Code of Civil Procedure section 1670 provides: "Duties of support applicable under this title are those imposed under the laws of any state

---

[1]In 1989, respondent's former wife petitioned the Florida court to modify the final judgment and establish alimony and child support arrearages. A "Partial Final Judgment" was rendered following respondent's default, ordering him to pay $9,966.12 in accrued spousal support and interest. The judgment states the court "retain[s] jurisdiction of this cause for the purpose of entering such further orders as it deems necessary for child support, both past and future, alimony, contempt proceedings and such other relief as may be deemed proper."

[2]West's Florida Statutes Annotated section 409.2561 (1991 supp.) provides in part: "(1) Any payment of public assistance money made to, or for the benefit of, any dependent child creates an obligation in an amount equal to the amount of public assistance paid. If there has been a prior court order or final judgment of dissolution of marriage establishing an obligation of support, the obligation is limited to the amount provided by such court order or decree. . . . If there is no prior court order establishing an obligation of support, the court shall establish the liability of the obligor, if any, for reimbursement of public assistance moneys paid."

where the obligor was present for the period during which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown." (See also *Scott* v. *Superior Court* (1984) 156 Cal.App.3d 577, 584 [202 Cal.Rptr. 920].) Section 1670 is merely an enlargement of ". . . the remedies available to the obligee so that the obligee may more easily obtain support wherever the obligor is found or has been living." (*In re Marriage of Taylor* (1981) 122 Cal.App.3d 209, 215 [175 Cal.Rptr. 716].)

■ Absent a preexisting support order, respondent's liability for state-furnished support commenced with the payment of AFDC benefits. (*City and County of San Francisco* v. *Thompson* (1985) 172 Cal.App.3d 652, 659 [218 Cal.Rptr. 445].) There are two significant limitations on this liability. First, "[t]he three year statute of limitations period created by Code of Civil Procedure section 338, subdivision 1, applies to recoupment actions brought under [Welfare and Institutions Code] section 11350. [Citations.]" (*Ibid.*) Second, liability is ". . . limited by such parent's reasonable ability to pay during that period in which aid was granted. . . ." (Welf. & Inst. Code, § 11350, subd. (b); see also *County of Santa Clara* v. *Farnese* (1985) 183 Cal.App.3d 257, 263 [237 Cal.Rptr. 457].)

■ Appellant correctly argues that the trial court should have applied California law to determine the amount of the AFDC recoupment. Code of Civil Procedure section 1670 requires that the "responding state" in a RURESA action apply its own law. The court's reliance on Florida Statutes section 409.2561 (1991) was misguided but inconsequential since Florida's statute is analogous to Welfare and Institutions Code section 11350 which obligates noncustodial parents to pay "an amount specified for support in a court order, or . . . in the absence of such a court order, for the amount of aid actually paid by the county, adjusted according to the reasonable ability of the parents to pay." (*County of Santa Clara* v. *Farnese, supra*, 183 Cal.App.3d at p. 263.)

■ In an interstate RURESA action a California court should first determine whether respondent was subject to a preexisting support order. (See *In re Marriage of Alper* (1981) 116 Cal.App.3d 925, 928 [172 Cal.Rptr. 402].) Pursuant to the full faith and credit clause (U.S. Const., art. IV, § 1), ". . . California courts must recognize and enforce foreign alimony and support decrees whether modifiable or not . . . ." (*Worthley* v. *Worthley* (1955) 44 Cal.2d 465, 472 [283 P.2d 19].)

■ We hold that a reservation of jurisdiction over child support is not the equivalent of a court order for zero child support. Had the Florida court

made a determination that respondent pay no child support, based on lack of need or inability to pay, it would have said so. Under Florida law a " '[c]ourt order' means any judgment or order of any court of appropriate jurisdiction . . . ordering payment of a *set or determinable amount of support money.*" (Fla. Stats. Ann., § 409.2554(4) (West 1991 supp.), italics added.)

Florida courts customarily enter partial judgments dissolving the marriage only and bifurcate custody and child support issues. (*Galbut* v. *Garfinkl* (Fla. 1976) 340 So.2d 470, 473-474; *Klarish* v. *Klarish* (Fla. 1974) 296 So.2d 497, 498.) Because the children were still in foster care, the court simply dissolved respondent's marriage, awarded spousal support, and reserved jurisdiction on child support. Similar divisible dissolution procedures are utilized in California. (Civ. Code, § 4515; *Gionis* v. *Superior Court* (1988) 202 Cal.App.3d 786, 787 [248 Cal.Rptr. 741].)

Respondent's contention that the RURESA recoupment claim constitutes an ex post facto modification of the judgment and deprives him of due process is without merit. No support order existed prior to the RURESA action. Reimbursement is based on respondent's statutory duty of support which is independent of the dissolution judgment. (*County of El Dorado* v. *Spence* (1986) 182 Cal.App.3d 698, 705 [227 Cal.Rptr. 365].) ■ Respondent's assertion that he justifiably relied on the Florida judgment is also unsupported by the record. Respondent became aware of the AFDC liability claim in 1986 when notified of the tax refund intercept. (42 U.S.C. § 664(a)(1).)

By reason of his having fathered the two children, respondent knew or should have known that someone or some entity was supporting his children and that a claim for recoupment could be made. A parent should not have to be advised of a moral and legal duty of support by any branch of government. When recoupment is sought, respondent and others similarly situated are entitled to a due process hearing and even appointed counsel if indigent. (*County of Ventura* v. *Tillett* (1982) 133 Cal.App.3d 105, 112, 114 [183 Cal.Rptr. 741].) Respondent is entitled to no more. The natural affinity between parent and child should result in a parent's willingness to reimburse third persons or governmental entities who have supported his or her child in time of need. (Cf., Civ. Code, § 207.)

The judgment is reversed and the trial court is ordered to reconsider the RURESA reimbursement claim subject to the three-year statute of limitations and respondent's ability to pay. Appellant is awarded costs on appeal.

Stone (S. J.), P. J., and Gilbert, J., concurred.