(112 App. Div. 686)

ELECTRIC STEEL ELEVATOR CO. v. JOHN KAM MALTING CO.

(Supreme Court, Appellate Division, Fourth Department. May 2, 1906.)

ARBITRATION AND AWARD—VACATION OF AWARD.

Where a submission agreement was so defective that the proceedings did not amount to a statutory arbitration, so that the court had no power to order judgment on the award, it had no power to vacate the award.

[Ed. Note.—For cases in point, see vol. 4, Cent. Dig. Arbitration and Award, § 403.]

Appeal from Special Term, Erie County.

Action by the Electric Steel Elevator Company against the John Kam Malting Company. From an order denying defendant's request to vacate an award of arbitrators, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and NASH, JJ.

W. C. Carroll, for appellant.
Charles B. Wheeler, for respondent.

NASH, J. This is an appeal by the defendant from an order of the Erie Special Term, denying defendant's application to vacate an award made by arbitrators in favor of the plaintiff. The plaintiff moved for an order confirming the award and for judgment thereon, pursuant to the provisions of the Code of Civil Procedure, and upon the argument of the motion requested the court to vacate the award. The motion to confirm was denied, as was also the application to vacate the award. It was further ordered that the motion to confirm be denied, without prejudice of any rights the plaintiff may have to maintain an action at law or such other proceeding or remedy on the award as the

plaintiff may be advised. The defendant opposed the confirmation of the award, upon the ground, among others, that the stipulation of the parties to the submission was not acknowledged or proved and certified, as required by section 2374 of the Code, and hence the court had no jurisdiction to order judgment upon the award. It was so held.

The defendant's contention is the same now, and also, further, that the controversy was attempted to be submitted to the arbitration committee of the chamber of commerce of the city of Buffalo; that under the arbitration laws of the chamber of commerce the provisions of the Code of Civil Procedure are applicable, and upon sufficient ground shown, on application of either party to the submission, the court must make an order vacating the award.

The contention of the plaintiff is that, if the submission agreement was so defective that the court had no power to order judgment on the award, it had no power to vacate the award. This contention is correct. If it was not a statutory arbitration, the court was without jurisdiction to confirm or vacate the award, or take any action upon it.

Order affirmed, with $10 costs and disbursements. All concur.