In the Matter of LEW MORRIS DEMOLITION CO., INC., Respondent, against GEORGE F. DRISCOLL COMPANY, Appellant.

Argued March 2, 1937; decided March 16, 1937.

*Walter Jeffreys Carlin* and *Samson Merriam* for appellant. The matter sought to be arbitrated is not within the provisions of the contract. (*Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284; *Matter of Young* v. *Cresent Development Co.*, 240 N. Y. 244; *Matter of Webster* v. *Van Allen*, 217 App. Div. 219; *Matter of Kelley*, 240 N. Y. 74; *Matter of King-Varick Corp.*, 129 Misc. Rep. 645; *Matter of Berkowitz* v. *Arbib & Houlberg*, 230 N. Y. 261; *Matter of General S. I. Co.*, 200 App. Div. 786; *Matter of Bachmann, Emmerich & Co.*, 204 App. Div. 282; *Faber* v. *City of New York*, 222 N. Y. 255; *Matter of S. F. Co.* v. *Thompson-Starrett Co.*, 247 N. Y. 277; *Corporation of Charles Town* v. *Ligon*, 67 Fed. Rep. [2d] 238; *Weeks* v. *Little*, 15 Jones & S. 1; 89 N. Y. 566.)

*Sidney O. Raphael* for respondent. The order directing arbitration was properly made. (*Corporation of Charles Town* v. *Ligon*, 67 Fed. Rep. [2d] 238; *Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284; *Horgan* v. *City of New York*, 160 N. Y. 516; *Wilson & English Constr. Co.* v. *N. Y. C. R. R. Co.*, 240 App. Div. 479; *Alanson* v. *Albany*, 43 Barb. 33; *Matter of Dauwdy* v. *Hartcup*, [1885] 15 Q. B. Div. 431; *Taylor* v. *Yielding*, [1912] 56 L. J. 253.) The court properly directed the arbitration. (*Matter of Wenger & Co.* v. *Proper S. H. Mills*, 239 N. Y. 199; *Matter of Buccini* v. *Paterno Constr. Co.*, 253 N. Y. 256; *Siracusa* v. *421–425 West 54th St. Corp.*, 237 N. Y. 572; *Zimmerman* v. *Cohen*, 236 N. Y. 15.)

CRANE, Ch. J. The Lew Morris Demolition Co., Inc., petitioned for an order directing the arbitration to proceed between said company and George F. Driscoll Company in accordance with the contract between said companies dated the 11th day of April, 1935, and designating and appointing an arbiter. The order was granted and affirmed by the Appellate Division, two of the justices dissenting.

The petitioner was a subcontractor; the George F. Driscoll Company was the contractor. The contract between the two parties called for the wrecking of Public School No. 43, at the corner of One Hundred and Twenty-ninth street and Amsterdam avenue, in the city of New York. One clause of the contract referred to arbitration. It reads:

" ARBITRATION

" *Fifth.* Should any dispute arise respecting the true construction or meaning of the drawings or specifications, the same shall be decided by the Architect, Walter C. Martin, Board of Education, City of New York, whose decision shall be final and conclusive, but should any dispute arise respecting the true value of the extra work, or of the work omitted by the Subcontractor, the same

shall be referred to and valued by two competent disinterested persons, one employed by the Contractor, and the other by the Subcontractor; these two shall have the power to select an umpire, and the decision of any two of the aforesaid persons shall be final and binding on all parties. Each party to pay half of the expense of the reference."

Another referred to extra work, and is as follows:

## " EXTRA WORK

" *Seventh.* No work shall be considered as extra unless a written order has been obtained for the same from the Contractor and an express agreement in writing made as to the cost."

The claim of the petitioner is for damages caused by the delay of the contractor in executing the main or principal contract with the Board of Education; in other words, the petitioner was caused a loss through the delay of the contractor in doing its part of the work. The subcontractor claimed that the delay was of such an extent that the cost to it of doing the wrecking work had increased beyond what was in the contemplation of the parties at the time the contract was made. Labor and material had increased in price, and the subcontractor could not do the work as cheaply as it could have been done if the contractor had not breached its contract or caused unreasonable delay. The petition states that the difference arising between the parties " is due to the failure of the George F. Driscoll Co. to fully and substantially perform the terms of its contract with the petitioner herein and also with the general contractor that exists with the Board of Education in that it has failed to execute the work in the number of working days allotted to it under the general contractor with the Board of Education, and as a result of the unwarranted delays occasioned by the failure to perform within the specified time, an increased cost of labor and a decreased price for the value of salvage that can be obtained from the property and cost of

trucking increasing has brought about a material and substantial difference in the cost of performance to the petitioner."

The agreement of arbitration covers two items only: one, any dispute arising respecting the true value of extra work; two, any differences arising regarding the true value of the work omitted by the subcontractor.

There was no extra work ordered, and there was no extra work done; neither was any of the work omitted by the subcontractor which caused a dispute. The damages, or loss, occasioned by delays were not included in the agreement to arbitrate, were not part of the contract for arbitration. (*Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284, 299.) This court said: "No one is under a duty to resort to these conventional tribunals, however helpful their processes, except to the extent that he has signified his willingness."

The order of the Special Term was unjustified, and it and the order of the Appellate Division affirming it should be reversed, and the application denied, with costs in all courts.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Orders reversed, etc.