Callahan, J.
(concurring in part). In or about August, 1944, the tenants in certain premises of which the petitioner Kingswood Management Corp. was landlord brought an action in the Municipal Court of the City of New York for recovery of treble damages, plus attorney’s fees, based on alleged exactions of rent in excess of the ceiling established by lawful authority. In that action the plaintiffs were represented by the appellant Salzman as their attorney. The suit was instituted pursuant to the provisions of subdivision (e) of section 205 of the Emergency Price Control Act of 1942 as originally enacted (Jan. 30, 1942, ch. 26, tit. II, § 205, subd. [e]; 56 U. S. Stat. 33; U. S. Code, tit. 50, Appendix, § 925, subd. [e]), and reading as follows: “ If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the, applicable maximum price, whichever is the greater, plus reasonable attorney’s fees and costs as determined by the court. For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be. * * * ”
On October 23,1946, the tenants’ action against the petitioner was finally settled by stipulation between the parties authorizing the entry of judgment in the sum of $800 in favor of the plaintiffs on the claim for treble damages, and further providing that “ The question of fees under the Emergency Price Control Act to be allowed to Jacob A. Salzman shall be submitted to *332 the American Arbitration Association under the Association submission agreement. ’ ’
• In accordance with the' stipulation aforesaid the attorney presented a demand for arbitration on his claim for $2,000 as the fair and reasonable value of his services. The arbitration was thereafter conducted before three arbitrators on the panel of the American Arbitration Association and under its rules, and on January 8, 1947, an award of $1,750 was made in behalf of the appellant and against the petitioner in this proceeding. This award for attorney’s fees became part of a judgment in the total sum of $2,550 entered on January 11,1947, in favor of the plaintiffs in the Municipal Court action.
Thereupon the petitioner commenced the present proceeding to vacate the award of the arbitrators on various grounds as provided by statute (Civ. Prac. Act, § 1462).
We find that the stipulation in settlement of the Municipal Court action must be construed as limiting the matter for arbitration to the value of the services rendered by the attorney in that litigation. The. affidavits in support of the petitioner’s application to vacate the award disclose without contradiction that the appellant had requested only $1,000 for his efforts on behalf of the tenants in that action, but had asked additional sums for services involved in other proceedings against the petitioner. It clearly appears that the arbitrators in awarding $1,750 to the appellant gave consideration to such services in other proceedings and made some allowance for legal fees not recoverable under the Federal statute, which authorized the action for damages in the Municipal Court and furnished the sole basis in law for assessment of attorney’s fees against the petitioner. To this extent the arbitrators exceeded their powers in making an award on matters with respect to which there had been no agreement to arbitrate, and the award may not be permitted to stand as embracing issues not submitted to their decision (Matter of Morris Demolition Co. v. Driscoll Co., 273 N. Y. 330; Matter of Priore v. Schermerhorn, 237 N. Y. 16; Dodds v. Hakes, 114 N. Y. 260; Matter of Sheffield Farms Co., Inc., v. Hibbits, 264 App. Div. 843), Moreover, the form of the award is such that it is not open to correction or modification under the statute (Civ. Prac. Act, § 1462-a) so as to bring it within the terms of the agreement for arbitration between the parties. “ The decision, included matters not submitted to the arbitrators and the whole award was void. If the part of an award which is void cannot be separated from that which is within the jurisdiction of the arbitrators, the whole *333 is void. (Brown v. Hankerson, 3 Cow. 70; Morse on Arbitration and Award, 178-181.) In this case the award was of one sum * * * and it is impossible to separate that which is good from that which is bad.” (Dodds v. Hakes, supra, pp. 265-266.) On this appeal the appellent has raised the question of jurisdiction in the court to vacate the award of the arbitrators by an order in a special proceeding under section 1462 of the Civil Practice Act. The contention is made that the proceedings before the arbitrators constituted a common-law arbitration and as such not subject to vacatur as would be a statutory arbitration authorized by section 1448 of the Civil Practice Act. (See Electric Steel Elevator Co. v. Kam Malting Co., 112 App. Div. 686.) The pertinent language of that section relating to arbitration of disputes between parties provides as follows: “ Except as otherwise prescribed in this section, two or more persons may submit to the arbitration of one or more arbitrators any controversy existing between them at the time of the submission, which may be the subject of an action * * *. Such submission * * * may include questions arising out of valuations, appraisals or other controversies which may be collateral, incidental, precedent or subsequent to any issue between the parties.”
The appellant takes the position that the amount of his fees as attorney for the tenants in the Municipal Court action was collateral to that action and may not be made the subject of an independent action by him or on his behalf, so that any question pertaining to such fees is not a matter for submission to arbitration within the scope and meaning of this section of the Civil Practice Act. (See Matter of Stern, 285 N. Y. 239.) In our opinion, however, the item of attorney’s fees was as much the subject of the action in the Municipal Court according to the sense of this statute (Civ. Prac. Act, § 1448) as the issue of damages for alleged overcharges of rent. The appellant’s contention assumes that the arbitration related to an allowance for fees which would be the property of the attorney. It overlooks the fact that any recovery for attorney’s fees by the tenants in the treble damage suit against the petitioner under the Federal statute aforesaid would be by way of judgment in favor of the plaintiffs in that action. Thus, the stipulation of settlement providing for arbitration on the matter of attorney’s fees was made and entitled in the Municipal Court action between the tenants and the petitioner in this proceeding. Though the dispute with respect to attorney’s fees went to arbitration on the demand of the attorney as the “ claimant ”, this circumstance *334 could not alter the fact that as matter of law the amount of such fees as might be awarded would belong to the clients, who clearly-had the right to make them the subject of an action also seeking the recovery of damages for violation of Federal price controls.
We are thus led to the conclusion that the arbitration under review was a statutory submission of controversy (Civ. Prac. Act, § 1448) insofar as it had. any legal foundation, and that the decision of the arbitrators was properly vacated as an award in excess of their powers under the submission (Civ. Prac. Act, § 1462).
In this view of the matter it seems unnecessary to decide whether the amount of attorney’s fees recoverable against the petitioner may rightly be made the subject of arbitration by reason of the statutory provision for “ reasonable attorney’s fees * * * as determined by the court ” (Emergency Price Control Act of 1942, § 205, subd. [e]).
The orders appealed from should be affirmed, with $20 costs and disbursements.
Mártir, P. J. and Dore, J., concur with Var Voorhis, J.; Oallahar, J. concurs in part in opinion in which Glerror, J., concurs.
Orders unanimously affirmed, with $20 costs and disbursements.