In the Matter of the Arbitration between IINO SHIPBUILDING & ENGINEERING CO., LTD., Appellant-Respondent, and HELLENIC LINES LIMITED, Respondent-Appellant.

First Department, July 1, 1958.

*George Yamaoka* of counsel (*Helen F. Tuohy* and *Francis P. Kelly* with him on the brief; *Hill, Betts & Nash,* attorneys), for appellant-respondent.

*Warton Poor* of counsel (*R. Glenn Bauer* with him on the brief; *Haight, Gardner, Poor & Havens,* proctors), for respondent-appellant.

BERGAN, J. In 1955 the petitioner, a Japanese shipbuilder, entered into a series of contracts with the respondent, a Greek shipping corporation, for the construction of six vessels. The contract provided that the shipbuilder would indemnify the buyer for a period of six months after delivery of the ships against defects due to material or workmanship existing at the time of delivery and would repair or renew the vessels in such event provided the buyer notified the builder within the six months' period.

The contract also provided that " In no event shall the BUILDERS be liable for any consequential damages." The contract contained this clause: " All disputes, controversies or differences which may arise between the parties out of or

in relation to this Agreement or for the breach thereof " shall be finally settled by arbitration.

Delivery of the six ships was made during the period from March 29, 1956, to June 18, 1957, and on June 20, 1957 the buyer sent to the builder a letter enclosing a statement of claim for $3,023,068.94, amended subsequently to total over $4,300,000.

This claim is based on purported defects of construction and resulting faults in operation. An itemization of the claim includes repairs, time lost during repairs, differences between the cost of fuel estimated for the equipment as furnished and for the equipment as claimed to have been intended, deficiencies in brake horsepower and a number of other items.

In September, 1957, the buyer filed a demand for arbitration. By agreement between the parties, the time of the builder to answer was extended, and the parties ultimately agreed that the arbitration should proceed before a single arbitrator in lieu of proceeding under the terms of the arbitration article of the contract which required the submission in accordance with the rules of the American Arbitration Society.

The proceeding came on before the sole arbitrator and at the opening hearing on December 16, 1957, the builder served a notice of motion to stay the proceedings on a claim that very substantial parts of the controversy were beyond the scope of the arbitration agreement.

In the discussions between the parties about arbitration, the builder made careful reservation of its claim that it regarded certain categories of the claim to be nonarbitrable and beyond the jurisdiction of any arbitrator; and that a motion for a stay of arbitration would be made.

Although the builder manifested this reservation about parts of the arbitration to which it objected, it proceeded nevertheless before the arbitrator as to other areas in dispute; hearings have been held after the initial one on December 16, 1957; the buyer completed its case before the arbitrator; and as late as May 1, 1958 the builder in a memorandum filed with the arbitrator raised for his consideration some of the same issues of law now argued on appeal by the builder to take some portions of the dispute out of the scope of the arbitration.

In this state of the record, although the buyer does not argue that the builder has waived objection, we are of opinion the court is without jurisdiction to dissect the arbitration proceeding while it is underway to make rulings for the arbitrator or to advise him as to what areas fall within his competence to decide under the submission. His competence extends to a

determination of the question whether issues are within or without the scope of the arbitration section of the contract.

Article 84 of the Civil Practice Act sets the frame of the judicial supervision over arbitration. The court must either stay the proceeding or vacate an award based on the arbitration decision. One aspect of this problem was considered in *Matter of Franks* [*Penn-Uranium Corp.*] (4 A D 2d 39) where the court declined to pass on purported acts of misconduct of arbitrators after the proceeding had gotten under way, on the ground that statutory jurisdiction was then to be invoked only on a motion addressed to the award. Indeed, participation in selection of the arbitrator is itself a waiver of objection to the items of dispute submitted (cf. Civ. Prac. Act, § 1458).

Parties ought not to find themselves partly in and partly out of arbitration; and especially does it seem to us inconsistent with the statutory scheme to authorize a judicial review to move in parallel lines with the arbitration itself as to whether or not some disputed questions lie within the submission.

Such a practice imports uncertainty; and it would breed litigation. A statute intended to make perfectly clear how and when judicial relief addressed to arbitration can be obtained ought not be cast in a procedural penumbra. The builder made clear its reservation about going into arbitration; but when it went in it must be deemed by the court to have yielded the reservation.

Were we to reach the merits of the builder's objection, we would be of opinion in any event that the entire controversy lies within the arbitration section of the contract, and in view of the submission by both sides on appeal of the important problems here involved, we reach to assist the parties in a discussion of the merits.

Some of the main contentions of the builder on appeal are that the active supervision of the buyer in the building process and its inspection of the equipment and knowledge of the trial runs, the manner in which it accepted the vessels, and the purported failure as to parts of the claim to notify the builder within six months of the defects, take the claim out of the range of arbitration because they do not present a bona fide dispute. Another contention is that the claims do not arise from defects in material or workmanship.

But the effect of the inspection by the purchaser and of its written acceptance of the vessels, and of the timeliness in which the claim arose after delivery and the nature and consequences of the defects claimed, seem to us to fall within the area of the

arbitration agreement to submit " All disputes, controversies or differences which may arise " to arbitration. In this respect we would agree with the court at Special Term that the arbitration should go on. (*Matter of Wenger & Co.* v. *Propper Silk Hosiery Mills,* 239 N. Y. 199; *Matter of Lipman [Haeuser Shellac Co.],* 289 N. Y. 76; *Matter of Compagnie Francaise des Petroles [Pantepec Oil Co., C. A.],* 279 App. Div. 851, affd. 305 N. Y. 588.)

But the court at Special Term was of opinion that the damages claimed by the purchaser for loss of time of the ships to the extent of $212,836.46 was not within the frame of the arbitration clause since the contract, as has been noted, provided that the builder shall not " be liable for any consequential damages." The court felt that the " loss of time " of the ships was a claim for loss of profits and that such a loss would usually fall in the area of consequential damage.

But the buyer on its appeal from that part of the order demonstrates prima facie that the part of the claim based on lost time of the ships due to purported defects does not depend on a consideration of profits, but involves necessary consumption of fuel from delay caused by faulty construction, crew's wages, consumption of provisions and stores and other items of expense that go on in a standing ship.

To state an arguable question about what is intended to be claimed by " lost time " is to state an arbitrable area of controversy. It may be that ultimately loss of profits may be held to be under the facts of this case direct and not consequential damage if the defects are established. (Cf. *Saint Line Ltd.* v. *Richardsons, Westgarth & Co., Ltd.,* [1940] 2 K. B. 99.)

The order should be reversed and the motion dismissed, without costs.

BREITEL, J. P., M. M. FRANK, VALENTE and STEVENS, JJ., concur.

Order unanimously reversed on the law and the motion to stay arbitration dismissed, without costs.