In the Matter of the Arbitration between Ingardia Construction Co., Inc., Appellant-Respondent, and Dyker Building Co., Inc., Respondent-Appellant.

First Department, July 6, 1961.

*Sidney O. Raphael* of counsel (*Leo M. Drachsler* with him on the brief; *Raphael, Searles & Vischi,* attorneys), for appellant-respondent.

*David L. Weissman* of counsel (*Samuel Kramer* with him on the brief; *Kramer & Kaprow,* attorneys), for respondent-appellant.

VALENTE, J. These are cross appeals from an order at Special Term confirming in part and modifying in part an award in arbitration. The award was in favor of petitioner, Ingardia Construction Co., Inc. (Ingardia), in the net sum of $303,576.54, after giving effect to an award in favor of the respondent owner, Dyker Building Co., Inc. (Dyker), on its counterclaim in the sum of $63,079.06. Of the award to petitioner, $200,000 with interest of $36,000, was, in the language of the award, for " increased cost due to redesign of the contract ". One of the three arbitrators dissented from that portion of the award granting the $200,000 in damages " believing that the claim for increased cost due to redesign of the contract should be denied entirely ".

Special Term modified the award to the extent of disallowing the $200,000 and interest of $36,000, and otherwise confirmed the balance of the award. We agree with the disposition at Special Term insofar as it denied Dyker's application to vacate the award in its entirety because of alleged evident partiality and misconduct of the arbitrators. The record established no basis for upholding those contentions. However, we have concluded that Special Term erroneously vacated that portion of the award assessing damages for increased costs to Ingardia due to the redesign of the contract. Consequently that part of the order should be reversed, and the award reinstated *in toto.*

The basis for modifying the award at Special Term was a finding that the contract between the parties did not provide for arbitration of the claim made for damages due to redesign of the contract. Initially, that conclusion seems surprising in the face of the express submission of that claim to the arbitrators without timely challenge by Dyker. Ingardia made its demand for arbitration in a writing which unequivocally sought " extra compensation and damages arising from a drastic change in the plans and specifications, as originally

given  *  *  *  and the ones which they were required to follow thereafter in order to complete their work ''. So, too, the formal submission to the American Arbitration Association by Ingardia contained a reiteration of this claim. In the answer and counterclaim interposed by Dyker in the arbitration proceeding, Dyker did not challenge the power of the arbitrators to pass on the claim, but joined issue on the merits in allegations that denied '' that there occurred any radical change, drastic revision or redesign of any of the original plans or drawings under which Ingardia agreed to do the work '' and '' that any change, revision or redesign were in any way responsible for any increased costs to Ingardia ''.

The arbitrators took testimony on the issues presented to them over a period of three years. During that time, while evidence was being offered on Ingardia's claims, Dyker made no application to stay the arbitration of the issue. In the light of Dyker's express submission of the issue of the claim for damages due to redesign of the contract, its failure to make timely challenge to the arbitrability of this issue and its active participation in the hearings before the arbitrators in litigating that issue, we hold that Dyker must be deemed to have waived any contention that the contract did not provide for arbitration of the issue (see *Matter of National Cash Register Co.* [*Wilson*], 8 N Y 2d 377; *Matter of Imo Shipbuilding & Eng. Co.* [*Hellenic Lines*], 6 A D 2d 159, affd. 5 N Y 2d 987).

In any event, even if Dyker had not waived its right to object to the arbitrability of Ingardia's claim for damages, we are of the opinion that Special Term erred in holding that the claim was not within the scope of the arbitration provisions of the contract.

Special Term referred to at least five separate articles in the underlying contract which relate to or bear on arbitration of claims or disputes that may arise between the parties (articles 12, 20, 31, 39 and 40). Each of these articles provides for arbitration under stated and differing circumstances or conditions. Plainly the parties agreed to resort to an extensive use of arbitration as an instrument to settle a variety of disputes. Nevertheless, Special Term found that since the contract sets forth specific disputes or issues for arbitration, the parties had chosen to submit to arbitration only those particular disputes and no other issues and disputes arising out of the performance of the contract.

Article 31 of the contract provides that either party shall be reimbursed by the other party for any damage suffered

because of any wrongful act or neglect of the other party. That provision has been interpreted to permit arbitration for damages due to delay (*Matter of Board of Educ. [Bernard Associates]*, 11 A D 2d 1038). It is apparent that the arbitrators in passing on the disputed claim did so on the merits, and must have interpreted the contract as empowering them to dispose of the claim. As indicated hereinabove, even the dissenting arbitrator did not base his difference upon lack of power but on the merits of the claim. We do not find in the contract any such restriction of power on behalf of the arbitrators that would necessitate a nullification of the award based upon damages resulting from a change of design in the work. Since such power existed, the award should not have been disturbed.

The order should be modified to the extent of reinstating the award for increased costs due to the redesign of the contract, and as so modified should be affirmed, with costs to petitioner-appellant.

Eager, J. (dissenting in part). I dissent in part. I would in all respects affirm the order appealed from upon the opinion rendered at Special Term. In my opinion, the arbitrators were without the power to make the award of $200,000 to Ingardia Construction Co., Inc., for the " increased cost due to redesign of the contract ". Furthermore Dyker Building Co., Inc., was not bound to anticipate that the arbitrators would make an award beyond their powers, and, bearing in mind that Dyker did eventually take the position before the arbitrators that they had no power to award damages for delay caused by the redesign of the contract, Dyker should not be deemed to have voluntarily submitted the issue to arbitration.

McNally and Steuer, JJ., concur with Valente, J.; Rabin, J. P., concurs in the result on the ground that there had been a submission and trial of the issue determined by the arbitrators; Eager, J., dissents in part in memorandum.

Order entered on October 3, 1960, confirming in part and modifying in part an award in arbitration in favor of petitioner-appellant-respondent, modified to the extent of reinstating the award for increased costs due to the redesign of the contract, and as so modified affirmed, with $20 costs and disbursements to petitioner-appellant.