■ In the Matter of the Arbitration between BAY IRON WORKS, INC., Appellant, and ALFRED EISENSTEIN, Respondent.— Order entered on March 28, 1962, denying motion to confirm and vacating the arbitrator's award and directing a rehearing, unanimously reversed, on the law, with $20 costs and disbursements to petitioner-appellant, and the motion granted. The demand for arbitration expressly states the petitioner submits to arbitration the balance due under the "contracts" dated December 4, 1960 and January 21, 1961. The parties proceeded to arbitration. Respondent argued before the arbitrator the writing of December 4, 1960 was a proposal which was superseded by the contract of January 21, 1961; further, that the earlier instrument did not provide for arbitration. However, respondent made no application to stay the arbitration with respect to the writing of December 4, 1960. Assuming the absence of any obligation to arbitrate under the December instrument, there was, nevertheless, a voluntary submission to the arbitrator of the respective claims in regard to the two instruments. Consequently, the absence of a prior agreement to arbitrate grievances arising out of the instrument of December 4, 1960 is totally irrelevant. (Matter of National Cash Register Co. [Wilson], 8 N Y 2d 377; Civ. Prac. Act, § 1458, subd. 1.) Moreover, since arbitrators are not bound by rules of substantive law, including the doctrines of contract law, it does not follow that

the arbitrator was precluded from considering prior negotiations or prior contracts in construing the final "superseding" contract. In short, the arbitrator is not limited by the doctrine of merger in traditional contract law. It may well be the award includes an item or items recoverable only under the December instrument. Nevertheless, it was within the competence of the arbitrator to pass on all questions of law and fact and if they were erroneously adjudicated the award may not be disturbed except on statutory grounds not here present. Only a party who has not participated in the proceedings before the arbitrator may put in issue the making of the submission or failure to comply with it. (*Matter of National Cash Register Co.* [*Wilson*], *supra*; Civ. Prac. Act, § 1458, subd. 2.) Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.