Irving **TUGENDRAJCH**, Plaintiff,

v.

Elliot **HEIFETZ**, Defendant.

No. 82 Civ. 1341 (JES).

United States District Court,
S.D. New York.

April 15, 1983.

pursuant to Official Code of Ga.Ann. § 13–6–11 (Michie 1982). The plaintiff's motion is hereby DENIED.

Solerwitz, Solerwitz & Leeds, Mineola, N.Y., for plaintiff; Alan Kachalsky, New York City, of counsel.

Grossman & Zafrin, P.C., New York City, for defendant; Morton Grossman, New York City, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff commenced this action against Elliot Heifetz, his former partner in a real estate investment partnership, contending that Heifetz breached his partnership obligations. Defendant moves for summary judgment on the grounds that plaintiff's action is barred by principles of *res judicata.*

In the Fall of 1980, following various disagreements, the parties agreed to dissolve the partnership which they had formed pursuant to an oral agreement. Defendant prepared a dissolution agreement which provided, *inter alia,* that, in consideration of certain debts owed to plaintiff by defendant, plaintiff would receive sole ownership of the Elmwood Shopping Center, which defendant represented was worth $600,000. The parties executed the dissolution agreement on October 7, 1980. After the dissolution agreement was signed, plaintiff learned that the shopping center was encumbered by a $1.1 million mortgage.

Dissatisfied with the terms of the dissolution agreement, plaintiff suggested submitting the dispute to rabbinical arbitration, Letter of plaintiff, dated January 21, 1981, to Michael L. Goodman, Esq., quoted in full in Affirmation of Elliot Heifetz in Support of Motion for Summary Judgment at 4, and the defendant agreed. Defendant's Answer at ¶ 7. Thereafter, on March 29, 1981, the parties executed a Rabbinical Arbitration Certificate. Exhibit A to Defendant's Answer. The panel of rabbis rendered their decision on May 20, 1981. Exhibit B to Defendant's Answer. That decision provided, *inter alia,* that plaintiff would have the right to sell the shopping center to the defendant for $410,000, which amount constituted the difference between what defendant represented the property to be worth and the $1.1 million encumbrance. The award also provided that, should either party withdraw from the sale or should the closing not be consummated within 90 days of the arbitral award, defendant's obligation to plaintiff would be deemed satisfied by the payment of $10,000. The sale did not take place within the 90 day period.

Apparently dissatisfied with the arbitral award, plaintiff commenced this action in March, 1982, asserting the same claims which had been submitted to the arbitrators. On April 19, 1982, defendant petitioned the New York State Supreme Court, King's County, for confirmation of the arbitral award pursuant to Article 75 of the New York Civil Practice Law and Rules. *Heifetz v. Tugendrajch,* No. 8404–82 (Sup.Ct. King's County 1982). Plaintiff removed that action to federal court, which held that, since the Rabbinical Arbitration Certificate was not a sufficient writing to permit confirmation of the award, the state court lacked jurisdiction over the action, and that the case was therefore improperly removed. The case was remanded to the state court for "such disposition as it deems advisable." *Heifetz v. Tugendrajch,* 542 F.Supp. 1207, 1209 (E.D.N.Y.1982).

Upon remand, the New York Supreme Court, interpreting Article 75 of the CPLR in light of its legislative history, concluded that plaintiff's participation in the arbitration barred him from opposing confirmation of the award on the basis of deficiencies in the written agreement to arbitrate. *Heifetz v. Tugendrajch,* No. 8404–82, slip op. at 8 (Sup.Ct. King's County, July 26, 1982). Finding no merit in plaintiff's other argu-

ments,[1] Justice Morton confirmed the award by order dated August 16, 1982. It is this order which defendant contends bars the instant action.

All the claims asserted here were previously submitted to arbitration.[2] Since the order confirming the arbitration award constitutes a final judgment on the merits with respect to each and every claim submitted to the arbitrators,[3] this action is barred by the prior determination of the state court. The correctness of that determination must be tested by an appeal in the state court and may not properly be reviewed by a plenary action in this Court.

Defendant's motion for summary judgment is granted without prejudice to plaintiff's right to renew this action should Justice Morton's order of August 16, 1982 be reversed by a state appellate court.

SO ORDERED.

---

1. Plaintiff had contended, *inter alia,* that he was induced to sign the dissolution agreement by fraud and undue pressure. Each party also contended that the other had withdrawn from the sale. Justice Morton specifically found that plaintiff's conduct was responsible for the sale not having been consummated within 90 days. Order of August 16, 1982, at 2, Exhibit H to Defendant's Motion for Summary Judgment.

2. Justice Morton's order recites that the arbitral award "which determined all disputes then existing between the parties . . . is in all respects confirmed. . . ." *Id.*

3. It should be noted that since plaintiff was the party who suggested and sought the rabbinical arbitration, his attempt to escape from the consequences of the arbitral award by resort to a plenary action in this Court appears especially inappropriate.