In the Matter of the Application of
**TRIPLE A MAINTENANCE
CORP., Petitioner,**

v.

**Gus BEVONA, as Trustee and the Trustees of the Building Service 32B–J Pension Fund and Health Fund, Respondents.**

**No. 86 Civ. 3987 (EW).**

United States District Court,
S.D. New York.

April 13, 1987.

Stanley Israel, New York City, for petitioner.

Manning, Raab, Dealy & Sturm, New York City, for respondents; Ira A. Sturm, Jeanne Keefe, of counsel.

EDWARD WEINFELD, District Judge.

Petitioner Triple A Maintenance Corp. (Triple A), a building maintenance contrac-

tor, was party to a collective bargaining agreement with Local 32B–32J, Service Employees International Union, AFL–CIO (Local 32B–J), a union of building maintenance workers. The collective bargaining agreement terminated on December 31, 1984 for building employees and on February 29, 1984, for route employees. On or about October 1, 1984, Triple A unilaterally altered certain prior conditions of employment. One such change was that Triple A ceased to make contributions to the Building Service 32B–J Pension and Health Funds. In response, local 32B–J filed unfair labor practice charges with the NLRB, and an Administrative Law Judge (ALJ) held that the cessation of contributions violated § 8(a)(5) of the National Labor Relations Act (NLRA). The ALJ ordered Triple A to make the payments it had failed to make and to continue contributing to the funds. The ALJ's ruling is currently on appeal to the National Labor Relations Board.

On or about April 8, 1986, the trustees of the pension and health funds, pursuant to New York Civil Practice Law and Rules (C.P.L.R.) § 7503(c), served upon Triple A four Notices of Intent to Arbitrate, which concerned Triple A's above-mentioned failure to contribute to the funds. Triple A then filed a petition in the Supreme Court of the State of New York under C.P.L.R. § 7503(b), seeking a stay of the intended arbitrations on the ground that "[n]o agreement, whether in the form of a collective bargaining agreement or otherwise, has existed since February 29, 1984 ... which in no [sic] way contains a clause requiring arbitration of any disagreements or other matter between any of the parties." The respondent trustees then removed the proceedings for a stay to federal district court on May 19, 1986, alleging that such removal was proper because original federal jurisdiction over the "matter in dispute" exists under § 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185 et seq., as amended, and the Employee Retirement Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq.

■ Petitioner Triple A now moves pursuant to 28 U.S.C. § 1447(c) for an order remanding to state court the petition to stay the arbitrations on the ground that the petition raises no federal questions over which this Court would have original jurisdiction. Petitioner thus relies on the rule that removal is improper if, on the face of a "well-pleaded complaint"—here, a petition—the cause of action stated does not arise under federal law.[1] The respondent trustees, in support of removal, invoke the "artful pleading" exception to the "well-pleaded complaint" rule. Under this exception, where the allegations of a complaint "support *only* a federal claim, and not a state law claim as well, 'arising under' removal is always proper, even where the complaint relies, on its face, exclusively on state law." [2]

Courts in this district have consistently upheld the removal of petitions to stay arbitrations of grievances under collective bargaining agreements, even where the petitions made no reference to federal law.[3] The reason for this policy is that federal law preempts state law on questions of arbitration pursuant to collective bargaining agreements.[4] As a result, a petition to stay arbitration pursuant to a collective

1. *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716 (1913); *Vitarroz Corp. v. Borden, Inc.,* 644 F.2d 960, 964 (2d Cir.1981).

2. *Alameda Room, Inc. v. Pitta,* 538 F.Supp. 1072, 1075 (S.D.N.Y.1982) (citing *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981)).

3. *Alameda Room, Inc. v. Pitta,* 538 F.Supp. 1072, 1074–77 (S.D.N.Y.1982); *Eastern Cleaning Serv., Inc. v. Service Employees Int'l Union,* 88 Lab. Cas. para. 11,901, at 23,666–68 (S.D.N.Y.1980) [Available on WESTLAW, DCTU database]; *Avet Coach Corp. v. Milk Drivers & Dairy Employees Local 584,* 83 Lab.Cas. para. 10,446 (S.D.N.Y.1978) [Available on WESTLAW, DCTU database].

4. *Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 241, 82 S.Ct. 1318, 1320–21, 8 L.Ed.2d 462 (1962); *Local 174 v. Lucas Flour Co.* 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962).

bargaining agreement necessarily arises under federal law, whether reference to that law is made or not. Accordingly, removal has been found proper.[5]

Triple A, nevertheless, argues against removal on the grounds that this Court has no jurisdiction to decide the merits of the underlying dispute that the trustees seek to arbitrate. Triple A notes that it stopped paying contributions to the funds only after the termination date of the collective bargaining agreement. In such a circumstance, Triple A argues, any duty to comply with the expired terms of the agreement derives not from a contractual obligation, but from § 8(a)(5) of the NLRA, which makes it an unfair labor practice to unilaterally alter prior conditions of employment before bargaining to impasse. Because the NLRB has exclusive jurisdiction in cases of alleged unfair labor practices, a federal district court would not have jurisdiction to adjudicate the merits of the trustees' claim that Triple A failed to make payments due the funds.[6]

Triple A's argument fails, however, because a district court does not need jurisdiction over the merits of a dispute in order to stay arbitration of that dispute.[7] The underlying grievance in the instant case, which may or may not be within the exclusive jurisdiction of the NLRB, is not before the Court; the *only* question presented is whether the parties' collective bargaining agreement requires arbitration of that grievance.

As a matter of federal policy, a Court will not require parties in a labor dispute to submit that dispute to arbitration unless they are bound to do so by a collective bargaining agreement.[8] This policy does not exclude the possibility that arbitration will be required after the termination date of such an agreement. In *Nolde Bros., Inc. v. Local 358,* the Supreme Court held that as regards certain labor disputes, an arbitration clause in a collective bargaining agreement would be presumed to continue in operation beyond the end of the contract period unless the contract contained an express provision to the contrary.[9] The significance of *Nolde* for the instant case is that even in the period after expiration of the parties' collective bargaining agreement, the basis for requiring arbitration would be the agreement itself rather than § 8(a)(5).[10] Whether to stay the arbitrations initiated by the trustees is thus a question that arises solely under the parties' collective bargaining agreement, and as such, it is a question that falls within this Court's jurisdiction under § 301(a) of the LMRA and does not fall within the exclusive jurisdiction of the NLRB.

---

**5.** *Avco Corp. v. Aero Lodge No. 735, Int'l Assoc. of Machinists,* 376 F.2d 337, 340 (6th Cir.1967), *aff'd,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

**6.** *U.A. 198 Health & Welfare, Educ. & Pension Funds v. Rester Refrigeration Serv.,* 790 F.2d 423 (5th Cir.1986); *Laborers Health and Welfare Trust Fund for Northern California v. Advanced Lightweight Concrete Co., Inc.,* 779 F.2d 497 (9th Cir.1985), *cert. granted,* —— U.S. ——, 107 S.Ct. 1283, 94 L.Ed.2d 142 (1987); *Lumber Production Indus. Workers Local No. 1054 v. West Coast Indus. Relations Assoc., Inc.,* 775 F.2d 1042 (9th Cir.1985).

**7.** The Federal Arbitration Act is not to the contrary. The Act has no provision regarding *staying* of an arbitration, and it does not limit the jurisdiction of a federal court to issue such a stay. *See Leesona Corp. v. Cotwool Mfg. Corp.,* 315 F.2d 538, 542 (4th Cir.1963); *Benson v. Unique Concepts, Inc.,* Civ.Act. No. 86–2038–s,

slip. op. (D.Kan.1986) (available on LEXIS) (holding that district court could order a stay of an arbitration even though it lacked jurisdiction to compel arbitration).

**8.** *Nolde Bros., Inc. v. Local 358,* 430 U.S. 243, 250–51, 97 S.Ct. 1067, 1071–72, 51 L.Ed.2d 300 (1977) ("[T]he arbitration duty is a creature of the collective bargaining agreement and [ ] a party cannot be compelled to arbitrate any matter in the absence of a contractual obligation to do so.").

**9.** 430 U.S. 243, 249, 97 S.Ct. 1067, 1070–71, 51 L.Ed.2d 300 (1977); *Local 807 v. Brink's, Inc.,* 744 F.2d 283, 286 (2d Cir.1984).

**10.** Congress deliberately omitted a provision from the LMRA of 1947 that would have made refusal to arbitrate an unfair labor practice. *See Amalgamated Clothing Workers of America v. NLRB,* 343 F.2d 329, 332 (D.C.Cir.1965).

The motion to remand for lack of jurisdiction is denied.

So ordered.