In the Matter of the Application of OLD COUNTRY IRON WORKS, INC., Petitioner,

For an Order Pursuant to Article 75 CPLR Staying Arbitration

v.

IRON WORKERS LOCALS 40, 361 & 417 OF the INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS UNION SECURITY FUNDS and Iron Workers Local Union 361, Respondents.

No. 93 Civ 4968(VLB).

United States District Court, S.D. New York.

Dec. 2, 1993.

Ronald A. Longo, Keane & Beane, PC, White Plains, NY, for petitioner.

Carol L. O'Rourke, Collerman, O'Hara & Mills, Garden City, NY, for respondents.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This labor-management dispute originated as a controversy over employer payments allegedly due to a collectively bargained employee benefit fund. The respondent Local 361 invoked arbitration before a single umpire selected by name in the collective bargaining agreement signed by employer petitioner Old Country Iron Works, Inc. ("Old Country"). Petitioner sued in state court to stay arbitration on the ground that it had no agreement with Local 361, but rather only with respondent Local 40.[1] Respondents thereafter removed the case to this court under 28 U.S.C. § 1441.

Old Country has moved to remand the case to state court. Respondents have cross-moved for summary judgment dismissing Old Country's petition on the merits and compelling arbitration. Old Country's motion to remand is denied; respondents' motions are denied without prejudice to renewal if appropriate, upon a fuller record.

### II

Old Country signed a collective bargaining agreement with "Local Unions No. 40 and 361" which provides in part as follows:

Section 40. SETTLEMENT OF DISPUTES

(1) There shall be no strikes or lockouts upon the work of the Employer, nor shall the members of the Union collectively or in concert leave the work of the Employer, nor shall any sympathetic strike against the Employer be entered into by the Union.

Any grievance, complaint, or dispute between the Union and the Employer arising out of this Agreement or as to the meaning, interpretation, application or alleged violation of any provision ... except as provided in subsection (2) ... shall be handled in the first instance by an officer of the Union ... and ... the Employer....

b. If the Representatives of the Union and the Employer fail to reach agreement ... the grievance, complaint, or dispute shall be submitted for final and binding determination to Hon. Walter L. Eisenberg, as Impartial Arbitrator....

\* \* \* \* \* \*

(2) The foregoing provisions for arbitration are not intended and shall not be construed as in any way qualifying or making subject to change any provisions of this Agreement including, but not limited to ... jurisdictional disputes.

Old Country also signed a subordinate agreement, circling a reference to Local 40 but not deleting that to Local 361. Old Country contends that its work is conducted in Local 40's geographic jurisdiction.

### III

Section 301(a) of the Labor–Management Relations Act of 1947 ("Taft–Hartley Act"), 29 U.S.C. § 185(a), provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States ... without regard to the citizenship of the parties.

Section 301 of the Taft–Hartley Act has been held to generate federal common law

---

1. Local 417 is not mentioned in the collective bargaining agreement signed by Old Country or in the arguments of the parties on any pending matters. The reasons for inclusion or retention of Local 417 in this litigation are unclear. Unless cause is shown to the contrary within 30 days of the date of this memorandum order, Local 417 shall be dropped as a party.

based on the provisions and objectives of federal labor relations laws. *International Brotherhood of Electrical Workers v. Hechler,* 481 U.S. 851, 855–57, 107 S.Ct. 2161, 2164–66, 95 L.Ed.2d 791 (1987); *Howard Johnson Co. v. Detroit Local Joint Board,* 417 U.S. 249, 94 S.Ct. 2236, 41 L.Ed.2d 46 (1974); *Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 560 n. 2, 88 S.Ct. 1235, 1237 n. 2, 20 L.Ed.2d 126 (1968); *Textile Workers v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

 A claim under a collective bargaining agreement or involving its interpretation is one under Section 301 and hence removable under 28 U.S.C. § 1441. See *Avco Corp. v. Aero Lodge,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1986). Where a complaint (or petition) is "substantially dependent upon interpretation of the collective bargaining agreement" the case is removable. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 395, 107 S.Ct. 2425, 2431, 96 L.Ed.2d 318 (1987); see also *Lingle v. Norge Division,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). An application to stay arbitration under a collective bargaining agreement is thus removable. *Triple A Maintenance v. Bevona,* 657 F.Supp. 1171 (S.D.N.Y.1987); *Heifetz v. Tugendrajch,* 542 F.Supp. 1207 (E.D.N.Y.1982).

 Old Country argues that its petition is based on its contention that it had no collective bargaining agreement with Local 361. Hence, Old Country asserts, the issues before the court do not concern interpretation or enforcement of an agreement, but whether it exists. Old Country cites *A.T. Massey Coal Co. v. United Mine Workers,* 799 F.2d 142 (4th Cir.1986), *cert. denied,* 481 U.S. 1033, 107 S.Ct. 1964, 95 L.Ed.2d 536 (1987) for the proposition that there is no § 301 jurisdiction over a controversy as to whether or not a collective agreement bargaining exists. See also *IBEW v. Sign–Craft,* 851 F.2d 910 (7th Cir.1988); *McNally Pittsburg, Inc. v. International Ass'n of Iron Workers,* 812 F.2d 615 (10th Cir.1987).

Questions of when or indeed whether or not the validity or existence of a collective bargaining agreement can be separated from its enforcement, and if so how such distinctions are to be drawn, need not, however

interesting, be pursued here. Old Country signed a collective bargaining agreement naming Locals 40 and 361. The issue necessarily raised by Old Country's petition is whether or not the agreement signed by Old Country should be interpreted to cover Local 361—which it clearly does if its plain meaning is followed.

 Although a federal defense is insufficient to justify removal, Old Country cannot avoid removal of its state court suit by "omitting to plead necessary federal questions," *Franchise Tax Board v. Laborers Vacation Trust,* 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983). Were the contrary the case, races to the courthouse would be encouraged because a party preferring to avoid federal jurisdiction could seek to preempt potential federal litigation by initiating state litigation first even though the claim was essentially federal in nature. Such races to the courthouse would be particularly contrary to national labor policy. Section 201 of the Taft–Hartley Act, 29 U.S.C. § 171, calls for "settlement of issues between employers and employees through the processes of conference and collective bargaining," an objective inconsistent with efforts to get to the favored courthouse first.

## IV

 Federal common law under § 301 favors and authorizes enforcement of agreements between labor and management to arbitrate disputes. See *United Steelworkers v. American Mfg. Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Such agreements are deemed to be the *quid pro quo* for a no-strike clause such as that present in the Old Country—Locals 40 and 361 agreement, which are enforceable in the presence of an arbitration clause. *Boys Markets, Inc. v. Retail Clerks,* 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970); see also *Local 174, Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962).

Based on these principles, respondents seek summary judgment dismissing Old Country's petition to stay arbitration and an order compelling arbitration. It is not clear, however, (1) whether or not an order compelling arbitration is necessary, or whether the unions can proceed with the arbitration in the absence of a stay, which has not been granted even on an interim basis at this juncture, or (2) whether or not all of the issues seemingly sought to be brought before the arbitrator are within the scope of the arbitration agreement as quoted above, and contrariwise whether or not "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers" some aspects of the dispute. *United Steelworkers v. Warrior & Gulf,* 363 U.S. at 582–83, 80 S.Ct. at 1353. Without further factual submissions clarifying these questions, summary judgment would be inappropriate.

Respondents' memorandum of law filed September 21, 1993, Dkt No 10 at 15 states:

> The dispute in the instant case involves Old Country's failure to abide by the collective bargaining agreement by failing to notify Local 361 of a job within Local 361's geographic and craft jurisdiction, failure to employ Local 361 members, and failure to pay contract wages and benefits on [a] jobsite.

The collective bargaining agreement permits the union to insist that hirees join (§ 5, p. 6–8), but does not clearly state that prior membership be a criterion for initial selection. See also 29 U.S.C. § 158(c), (f).

Moreover, failure to notify Local 361 of a job within its "geographic and craft jurisdiction" or to "employ Local 361 members" may arise where Local 40 members are hired, thus presenting a potential "jurisdictional dispute" as described in § 40(2) of the collective bargaining agreement. See also 29 U.S.C. § 160(k); *Newspaper Printing Corp. v. NLRB,* 692 F.2d 615 (6th Cir.1982); Goldstein, "Electronic Journalism and Union Rivalry," 29 Labor LJ 137 (1978).

Denial of summary judgment does not, however, preclude respondents from proceeding with arbitration under the agreement if otherwise able to do so, or by consent.

## V

The parties are directed to discuss settlement of their dispute in light of the above rulings and to report to the court within 30 days of the date of this memorandum order the results and whether or not judicial assistance is requested.

SO ORDERED.